Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Pierre Hubert
Texas State Bar No. 24002317
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Michael D. Rounds
Nevada Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Telephone: (775) 324-4100
Fax: (775) 333-8171

**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
### RENO DIVISION

| | |
|---|---|
| **UNWIRED PLANET LLC, a Nevada limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**GOOGLE INC., a Delaware corporation,**<br><br>Defendant. | **CIVIL ACTION NO.**<br>_____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(JURY DEMAND)** |

Plaintiff Unwired Planet LLC files this Original Complaint for Patent Infringement against Google Inc. ("Google"), and alleges as follows:

## JURISDICTION

1.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

2.      This Court has personal jurisdiction over Google.  Google has conducted and does conduct business within the State of Nevada.  Google, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Nevada, and the District of Nevada.  Google, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and/or used by consumers in the District of Nevada.  These infringing products and/or services have been and continue to be purchased and/or used by consumers in the District of Nevada.  Google has committed acts of patent infringement within the State and District of Nevada.  Google has lobbied the state of Nevada to pass certain laws in Nevada.

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).  A substantial part of the events giving rise to Unwired Planet's claims occurred in the District of Nevada and Google is subject to personal jurisdiction in the District.

## PARTIES

4.      Plaintiff Unwired Planet LLC is a Nevada limited liability company having a principal place of business at 226 California Ave., Reno, NV 89509.  "Unwired Planet" refers to Plaintiff and its predecessors in interest referred to herein for the patents-in-suit.

5.      Unwired Planet has a long history of innovative technical contributions, as set forth below, including the patents-at-issue in this lawsuit.

-2-

6.      Defendant Google is a corporation organized under the laws of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

7.      Google makes, uses, imports into the United States, sells and/or offers for sale in the United States various systems and/or services, servers, and mobile devices, including within this District.

## BACKGROUND

8.      Unwired Planet, founded in 1994, is widely regarded as a pioneer of the mobile internet.  Unwired Planet invented many of the fundamental technologies that allowed mobile devices to connect to the internet in meaningful ways.  For example, Unwired Planet was instrumental in developing the Wireless Application Protocol (WAP), which was the first widely-used standard that allowed mobile devices such as cellular phones to connect to the internet.

9.      Unwired Planet was founded with the vision of bringing the "internet-in-your-pocket" to the world.  But, at the time of the inventions at issue here, most technology firms were not interested.  While Unwired Planet saw the need for applications and environments that could leverage emerging devices and increasing bandwidth, other technology firms were too focused on their old way of doing business.  As a result, Unwired Planet was the first to put an internet browser into a phone, signing a deal with AT&T in 1996 through its predecessor company, Libris.

10.      In 1997, Unwired Planet began pushing for a worldwide standard for mobile internet access by teaming up with some of the leading global handset manufacturers to found the WAP Forum.  The purpose of the WAP Forum was to develop a standard worldwide wireless internet technology so that content providers could use existing content when creating mobile services.  The WAP Forum was a resounding success, and by 1999, over 150 wireless companies were integrating the WAP standard into their products, covering approximately 95% of the world market for cellular handsets.  By 2001 the WAP Forum had grown to more than 500 members.

11.      Unwired Planet issued an initial public stock offering in 1999, changing its name to Phone.com to reflect the company's emphasis on providing internet to wireless devices through its browser software and developer tools.  These products included Up.Mail (which delivered e-

-3-

mail to wireless telephones), Up.Organizer (a personal information management application), Up.Web (which allowed subscribers to manage and configure the other programs from their PCs), Up.Browser (a wireless phone browser), and Up.Smart (a PDA software application for wireless phones), among others. By August 1999, 31 network operators across the globe had licensed Phone.com's software. Phone.com flourished, providing its access software to companies around the globe. USA Today called Phone.com "the linchpin for the wireless internet" in a July 2000 article, stating that Phone.com's software touched approximately 80 percent of Web-enabled phones at the time. Bloomberg named Alain Rossmann, one of the founders of Unwired Planet, among the "Top Entrepreneurs of 1999."

12.    In 2000, Phone.com merged with Software.com to form Openwave Systems Inc., the predecessor to Unwired Planet, in a $6.4 billion merger. Openwave continued to grow and innovate. By mid-2001, about 97 percent of internet-ready mobile phones in the United States and approximately 75 percent overseas used an Openwave browser. By July 2001 Openwave had increased in size to approximately 2,200 employees worldwide by July 2001, and the company earned revenues of over $465 million for fiscal year 2001.

13.    Through its innovation and technological leadership, Openwave was awarded a sizeable portfolio of over 200 patents. Many of these patents disclose and protect the foundational aspects of today's most widely-used mobile technologies, such as mobile internet, location-based services, and e-commerce applications.

14.    Unfortunately, merely having patents did not protect Openwave from infringing competition. As Openwave's revenues and market share fell, it was forced to downsize its own employees. With the onslaught of infringing competition having forced Openwave out of the market it created, in April 2012 Openwave sold its product businesses, but retained the patents it had been awarded. After selling off its product businesses, Openwave changed its name back to Unwired Planet Inc., Unwired Planet Inc. is the parent of, and predecessor in interest of, Plaintiff Unwired Planet, LLC. Unwired Planet retained its patents, representing almost two decades of investment, allowing the company to focus its efforts on licensing its fundamental patent portfolio to the companies whose infringement put it out of the software and service businesses.

-4-

**THE PATENTS**

15.     United States Letters Patent No. 6,292,657 ("the '657 Patent"), entitled "Method and Architecture for Managing a Fleet of Mobile Stations Over Wireless Data Networks," was duly and legally issued to inventors Andrew L. Laursen and Maurice A. Jeffrey on September 18, 2001.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '657 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '657 Patent is attached hereto as Exhibit A and incorporated herein by reference.

16.     United States Letters Patent No. 6,654,786 ("the '786 Patent"), entitled "Method and Apparatus for Informing Wireless Clients About Updated Information," was duly and legally issued to inventors Mark A. Fox, Peter F. King, Seetharaman Ramasubramani, Bruce K. Martin, Jr., and Stephen S. Boyle on November 25, 2003.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '786 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '786 Patent is attached hereto as Exhibit B and incorporated herein by reference.

17.     United States Letters Patent No. 6,662,016 ("the '016 Patent"), entitled "Providing Graphical Location Information for Mobile Resources Using a Data-Enabled Network," was duly and legally issued to inventors Kevin Buckham, Tony Melli and James Fitch on December 9, 2003.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '016 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '016 Patent is attached hereto as Exhibit C and incorporated herein by reference.

18.     United States Letters Patent No. 6,684,087 ("the '087 Patent"), entitled "Method and Apparatus for Displaying Images On Mobile Devices," was duly and legally issued to inventors Francis H. Yu and Neil J. Cormia on January 27, 2004.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '087 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '087 Patent is attached hereto as Exhibit D and incorporated herein by reference.

19.     United States Letters Patent No. 6,895,240 ("the '240 Patent"), entitled "Method and Architecture for Managing a Fleet of Mobile Stations Over Wireless Data Networks," was

duly and legally issued to inventors Andrew L. Laursen and Maurice A. Jeffrey on May 17, 2005. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '240 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '240 Patent is attached hereto as Exhibit E and incorporated herein by reference.

20.     United States Letters Patent No. 6,944,760 ("the '760 Patent"), entitled "Method and Apparatus for Protecting Identities of Mobile Devices on a Wireless Network," was duly and legally issued to inventor Fergus M. Wills on September 13, 2005.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '760 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '760 Patent is attached hereto as Exhibit F and incorporated herein by reference.

21.     United States Letters Patent No. 7,024,205 ("the '205 Patent"), entitled "Subscriber Delivered Location-Based Services," was duly and legally issued to inventor David Hose on April 4, 2006.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '205 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '205 Patent is attached hereto as Exhibit G and incorporated herein by reference.

22.     United States Letters Patent No. 7,035,647 ("the '647 Patent"), entitled "Efficient Location Determination for Mobile Units," was duly and legally issued to inventor Andre Laurent de Verteuil on April 25, 2006.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '647 Patent, and is entitled to sue for past and future infringement.  A true and correct copy of the '647 Patent is attached hereto as Exhibit H and incorporated herein by reference.

23.     United States Letters Patent No. 7,203,752 ("the '752 Patent"), entitled "Method and System for Managing Location Information for Wireless Communications Devices," was duly and legally issued to inventors Christopher R. Rice, Cameron Fieber, Ron Poulin, and Peter Jones on April 10, 2007.  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '752 Patent, and is entitled to sue for past and future infringement.  A true and

-6-

1  correct copy of the '752 Patent is attached hereto as Exhibit I and incorporated herein by
2  reference.

3      24.    United States Letters Patent No. 7,463,151 ("the '151 Patent"), entitled "Systems
4  and Methods for Providing Mobile Services Using Short-Range Radio Communication Devices,"
5  was duly and legally issued to inventor Hermann Schulte-Kellinghaus on December 9, 2008.
6  Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '151 Patent,
7  and is entitled to sue for past and future infringement.  A true and correct copy of the '151 Patent
8  is attached hereto as Exhibit J and incorporated herein by reference.

9      25.    The '657, '786, '016, '087, '240, '760, '205, '647, '752, and '151 Patents
10  (collectively, "the Asserted Patents") cover inventions relating to systems and/or services, servers
11  supporting these systems and services, and mobile devices.

12  **CLAIM FOR PATENT INFRINGEMENT**

13      26.    Unwired Planet repeats and realleges the allegations in paragraphs 1-25 as though
14  fully set forth herein.

15      27.    Google directly infringes one or more claims of each of the Asserted Patents under
16  35 U.S.C. § 271.  Google is making, using, selling, offering for sale, exporting and/or importing
17  Accused Products and Services which infringe one or more claims of each of the Asserted
18  Patents, as set forth in the table below.  Further discovery may reveal additional infringing
19  products, services, and/or models.

| Asserted Patent | Accused Products and Services |
|---|---|
| 6,292,657 | Mobile App Systems and/or Services (including Google Play, Google Apps, Bouncer, C2DM and GCM), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 6,654,786 | Cloud Messaging Systems and/or Services (including C2DM and GCM), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |

-7-

| Asserted Patent | Accused Products and Services |
|---|---|
| 6,662,016 | Map and Location Systems and/or Services (including Google Maps, Google Street View, Google Latitude, Google My Location, Google+, Google+Local, Google Places), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 6,684,087 | Map and Location Systems and/or Services (including Google Maps, Google Latitude, Google My Location, Google+, Google+Local, Google Places), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 6,895,240 | Mobile App Systems and/or Services (including Google Play, Google Apps, Bouncer, C2DM and GCM), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 6,944,760 | Cloud Messaging Systems and/or Services (including C2DM and GCM), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 7,024,205 | Search and Advertising Systems and/or Services (including Google Search, Google AdWords, Google+Local, Google Places, Google Mobile Ads), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 7,035,647 | Location Systems and/or Services (including Android Location), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 7,203,752 | Location Systems and/or Services (including Android Location), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |
| 7,463,151 | Short-Range Radio Communications Systems and/or Services (including Google Wallet, Google Offers, and Google Mobile Ads), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones and tablets with the Android operating system, including Motorola Mobility and Nexus mobile phones and tablets) |

28.     Google indirectly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(b).  Google has induced and continues to induce its customers and/or users

of the Accused Products and Services above to infringe one or more claims of the Asserted Patents above. Google specifically intends for its customers and/or users of the Accused Products and Services above to infringe one or more claims of the Asserted Patents above in the United States because, on information and belief, Google knew of the Asserted Patents and either designed the Accused Products and Services such that they would each infringe one or more claims of each of the Asserted Patents if made, used, sold, offered for sale or imported into the United States, and Google knows or should know that the customers and/or users of the Accused Products and Services will directly infringe one or more claims of the Asserted Patents when those customers and/or users make, use, sell, offer to sell, and/or import into the United States, the Accused Products and Services. In addition, Google has failed to redesign the Accused Products and Services to cease infringement.

29.     Google indirectly infringes one or more claims of the Asserted Patents by contributory infringement under 35 U.S.C. § 271(c). Google has contributed to and continues to contribute to the direct infringement of one or more claims of the Asserted Patents by customers and/or users of the Accused Products and Services. Upon information and belief, Google knew of the Asserted Patents. Google has sold, offered to sell, and/or imported in and into the United States the Accused Products and Services, which Google has known or should have known to be especially made or adapted for use in infringing the Asserted Patents and which have no substantial non-infringing uses. Google designed the Accused Products and Services such that they would infringe one or more claims of the Accused Patents if made, used, sold, offered for sale or imported into the United States. The accused technology has no substantial use that does not infringe one or more claims of the Asserted Patents.

30.     Google's acts of direct, contributory and induced infringement have caused damage to Unwired Planet, and Unwired Planet is entitled to recover compensatory damages sustained as a result of Google's wrongful acts. Unless enjoined by this Court, Google will continue to infringe the Asserted Patents, continuing to damage Unwired Planet and causing irreparable harm.

31.     Upon information and belief, Google has known about the Asserted Patents.  Upon further information and belief, Google lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity.  Google's infringement is therefore willful as to one or more of the Asserted Patents, and Unwired Planet is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Unwired Planet hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Unwired Planet respectfully requests that this Court enter judgment in their favor and grant the following relief:

A.     Adjudge that Google infringes the Asserted Patents;

B.     Adjudge that Google's infringement of the Asserted Patents was willful, and that Google's continued infringement of the Asserted Patents is willful;

C.     Award Unwired Planet damages in an amount adequate to compensate Unwired Planet for Google's infringement of the Asserted Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.     Award enhanced damages by reason of Google's willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

E.     Award Unwired Planet pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.     Enter an order finding that this is an exceptional case and awarding Unwired Planet its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.     Enter an injunction enjoining Google, and all others in active concert with Google, from further infringement of the Asserted Patents;

H.     Award an accounting for damages;

I.     Award a future compulsory royalty in the event full injunctive relief is not awarded as requested; and

-10-

1    J.    Award such other relief as the Court may deem appropriate and just under the

2    circumstances.

3

4    Dated: September 19, 2012          Respectfully submitted,

5

6                                       /s/ Michael D. Rounds
                                        Michael D. Rounds
7                                       Nevada Bar No. 4734
                                        mrounds@watsonrounds.com
8                                       Adam K. Yowell
                                        Nevada Bar No. 11748
9                                       ayowell@watsonrounds.com
                                        WATSON ROUNDS
10                                      5371 Kietzke Lane
                                        Reno, Nevada 89511
11                                      Telephone: (775) 324-4100
                                        Fax: (775) 333-8171
12
                                        Theodore Stevenson III (*)
13                                      Texas State Bar No. 19196650
                                        tstevenson@mckoolsmith.com
14                                      MCKOOL SMITH, P.C.
                                        300 Crescent Court, Suite 1500
15                                      Dallas, Texas 75201
                                        Telephone: (214) 978-4000
16                                      Fax: (214) 978-4044

17                                      Kevin Burgess (*)
                                        Texas State Bar No. 24006927
18                                      kburgess@mckoolsmith.com
                                        Pierre Hubert (*)
19                                      Texas State Bar No. 24002317
                                        phubert@mckoolsmith.com
20                                      MCKOOL SMITH, P.C.
                                        300 W. 6th St., Suite 1700
21                                      Austin, Texas 78701
                                        Telephone: (512) 692-8700
22                                      Fax: (512) 692-8744

23                                      **(*) will comply with LR IA 10-2 within 45 days**

24                                      **ATTORNEYS FOR PLAINTIFF**
                                        **UNWIRED PLANET LLC**
25

26

27

28

-11-