John P. Desmond (Nevada Bar No. 5618)
jdesmond@gordonsilver.com
GORDON SILVER
100 West Liberty Street, Suite 940
Reno, Nevada 89501
Telephone:   (775) 343-7500
Facsimile:   (775) 786-0131

Gregory P. Stone (admitted pro hac vice)
gregory.stone@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Peter A. Detre (admitted pro hac vice)
peter.detre@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Unwired Planet LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>　　　　　Defendant.<br><br>Google Inc.,<br><br>　　　　　Counterclaimant,<br><br>v.<br><br>Unwired Planet LLC,<br><br>　　　　　Counterdefendant. | Case No. 3:12-cv-504-LRH-VPC<br><br>**DEFENDANT GOOGLE INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Google Inc. ("Google") respectfully answers the Complaint of Unwired Planet LLC ("Unwired Planet") as follows:

## JURISDICTION

1. The allegations in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Google admits that the Complaint purports to set forth an action arising under the patent laws of the United States and that this Court has jurisdiction over this matter as so alleged.

## VENUE

2. The allegations in Paragraph 2 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Google admits that it offers for sale and sells products and/or services in the State of Nevada and that it is subject to personal jurisdiction in the State of Nevada, and denies all remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Google admits that venue is proper in this District and denies all remaining allegations in Paragraph 3.

## THE PARTIES

4. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies them.

5. Google denies the allegations in Paragraph 5 of the Complaint.

6. Google admits the allegations in Paragraph 6 of the Complaint.

7. Google admits the allegations in Paragraph 7 of the Complaint.

8. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies them.

13. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14. Google is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies them.

## THE PATENTS

15. Google admits that U.S. Patent No. 6,292,657 (the "'657 patent") indicates on its face that it (i) is titled "Method and Architecture for Managing a Fleet of Mobile Stations Over Wireless Data Networks" and (ii) was issued to Andrew L. Laursen and Maurice A. Jeffrey on September 18, 2001. Google admits that what purports to be a copy of the '657 patent is attached to the Complaint as Exhibit A. Google is without sufficient knowledge or information to form a belief as to the truth of the allegation that Unwired Planet owns the '657 patent and, on that basis, denies the allegation. Google denies all remaining allegations in Paragraph 15 of the Complaint.

16. Google admits that U.S. Patent No. 6,654,786 (the "'786 patent") indicates on its face that it (i) is titled "Method and Apparatus for Informing Wireless Clients About Updated Information" and (ii) was issued to Mark A. Fox, Peter F. King, Seetharaman Ramasubramani, Bruce K. Martin, Jr., and Stephen S. Boyle on November 25, 2003. Google admits that what purports to be a copy of the '786 patent is attached to the Complaint as Exhibit B. Google is without sufficient knowledge or information to form a belief as to the truth of the allegation that Unwired Planet owns the '786 patent and, on that basis, denies the allegation. Google denies all remaining allegations in Paragraph 16 of the Complaint.

17. Google admits that U.S. Patent No. 6,662,016 (the "'016 patent") indicates on its face that it (i) is titled "Providing Graphical Location Information for Mobile Resources Using a Data-Enabled Network" and (ii) was issued to Kevin Buckham, Tony Melli and James

- 3 -

Fitch on December 9, 2003. Google admits that what purports to be a copy of the '016 patent is attached to the Complaint as Exhibit C. Google is without sufficient knowledge or information to form a belief as to the truth of the allegation that Unwired Planet owns the '016 patent and, on that basis, denies the allegation. Google denies all remaining allegations in Paragraph 17 of the Complaint.

18. Google admits that U.S. Patent No. 6,684,087 (the "'087 patent") indicates on its face that it (i) is titled "Method and Apparatus for Displaying Images on Mobile Devices" and (ii) was issued to Francis H. Yu and Neil J. Cormia on January 27, 2004. Google admits that what purports to be a copy of the '087 patent is attached to the Complaint as Exhibit D. Google is without sufficient knowledge or information to form a belief as to the truth of the allegation that Unwired Planet owns the '087 patent and, on that basis, denies the allegation. Google denies all remaining allegations in Paragraph 18 of the Complaint.

19. Google admits that U.S. Patent No. 6,895,240 (the "'240 patent") indicates on its face that it (i) is titled "Method and Architecture for Managing a Fleet of Mobile Stations Over Wireless Data Networks " and (ii) was issued to Andrew L. Laursen and Maurice A. Jeffrey on May 17, 2005. Google admits that what purports to be a copy of the '240 patent is attached to the Complaint as Exhibit E. Google is without sufficient knowledge or information to form a belief as to the truth of the allegation that Unwired Planet owns the '240 patent and, on that basis, denies the allegation. Google denies all remaining allegations in Paragraph 19 of the Complaint.

20. Google admits that U.S. Patent No. 6,944,760 (the "'760 patent") indicates on its face that it (i) is titled "Method and Apparatus for Protecting Identities of Mobile Devices on a Wireless Network" and (ii) was issued to Fergus M. Wills on September 13, 2005. Google admits that what purports to be a copy of the '760 patent is attached to the Complaint as Exhibit F. Google is without sufficient knowledge or information to form a belief as to the truth of the allegation that Unwired Planet owns the '760 patent and, on that basis, denies the allegation. Google denies all remaining allegations in Paragraph 20 of the Complaint.

21. Google admits that U.S. Patent No. 7,024,205 (the "'205 patent") indicates on its face that it (i) is titled "Subscriber Delivered Location-Based Services" and (ii) was issued

1  to David Hose on April 4, 2006. Google admits that what purports to be a copy of the '205 patent
2  is attached to the Complaint as Exhibit G. Google is without sufficient knowledge or information
3  to form a belief as to the truth of the allegation that Unwired Planet owns the '205 patent and, on
4  that basis, denies the allegation. Google denies all remaining allegations in Paragraph 21 of the
5  Complaint.
6          22.     Google admits that U.S. Patent No. 7,035,647 (the "'647 patent") indicates
7  on its face that it (i) is titled "Efficient Location Determination for Mobile Units" and (ii) was
8  issued to Andre Laurent de Verteuil on April 25, 2006. Google admits that what purports to be a
9  copy of the '647 patent is attached to the Complaint as Exhibit H. Google is without sufficient
10 knowledge or information to form a belief as to the truth of the allegation that Unwired Planet
11 owns the '647 patent and, on that basis, denies the allegation. Google denies all remaining
12 allegations in Paragraph 22 of the Complaint.
13         23.     Google admits that U.S. Patent No. 7,203,752 (the "'752 patent") indicates
14 on its face that it (i) is titled "Method and System for Managing Location Information for
15 Wireless Communications Devices" and (ii) was issued to Christopher R. Rice, Cameron Fieber,
16 Ron Poulin, and Peter Jones on April 10, 2007. Google admits that what purports to be a copy of
17 the '752 patent is attached to the Complaint as Exhibit I. Google is without sufficient knowledge
18 or information to form a belief as to the truth of the allegation that Unwired Planet owns the '752
19 patent and, on that basis, denies the allegation. Google denies all remaining allegations in
20 Paragraph 23 of the Complaint.
21         24.     Google admits that U.S. Patent No. 7,463,151 (the "'151 patent") indicates
22 on its face that it (i) is titled "Systems and Methods for Providing Mobile Services Using Short-
23 Range Radio Communication Devices" and (ii) was issued to Hermann Schulte-Kellinghaus on
24 December 9, 2008. Google admits that what purports to be a copy of the '151 patent is attached
25 to the Complaint as Exhibit J. Google is without sufficient knowledge or information to form a
26 belief as to the truth of the allegation that Unwired Planet owns the '151 patent and, on that basis,
27 denies the allegation. Google denies all remaining allegations in Paragraph 24 of the Complaint.
28         25.     Google denies the allegations in Paragraph 25 of the Complaint.

## CLAIM FOR PATENT INFRINGEMENT

26. Answering Paragraph 26 of the Complaint, Google incorporates its responses in Paragraphs 1 to 25 by reference as if fully set forth herein.

27. Google denies the allegations in Paragraph 27 of the Complaint.

28. Google denies the allegations in Paragraph 28 of the Complaint.

29. Google denies the allegations in Paragraph 29 of the Complaint.

30. Google denies the allegations in Paragraph 30 of the Complaint.

31. Google denies the allegations in Paragraph 31 of the Complaint.

## PRAYER FOR RELIEF

Google denies that Unwired Planet is entitled to any relief in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Google asserts the following affirmative defenses and reserves the right to raise additional defenses if and when appropriate. In asserting these defenses, Google does not assume the burden of proof for any issue with respect to which applicable law places the burden of proof on Unwired Planet.

## DEFENSE NO. 1: INVALIDITY

1. On information and belief, one or more claims of the '657 patent, the '786 patent, the '016 patent, the '087 patent, the '240 patent, the '760 patent, the '205 patent, the '647 patent, the '752 patent, and the '151 patent (each an "Asserted Patent" and collectively the "Asserted Patents") are invalid for failure to satisfy all the requirements of Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEFENSE NO. 2: NONINFRINGEMENT

2. Google has not directly or indirectly infringed, contributed to the infringement of, or induced the infringement of any valid claim of any Asserted Patent, and is not liable for infringement thereof.

3. Any Google product, service, action, or other instrumentality that is accused of infringement has substantial uses that do not infringe and therefore cannot contribute to the infringement of any Asserted Patent.

## DEFENSE NO. 3: LICENSE

4. To the extent that any Asserted Patents are essential to any standard—whether established by the Wireless Application Protocol ("WAP") Forum or otherwise—and to the extent any of the alleged inventions described in and allegedly covered by such patents are used, manufactured, or sold by or for Google, its suppliers, and/or its customers, Google has the right to be licensed on fair, reasonable, and nondiscriminatory ("FRAND") terms under those patents. To the extent that Google is licensed expressly, impliedly, or by operation of law by virtue of any agreement between Unwired Planet or its predecessor-in-interest on the one hand, and a Google supplier on the other hand, Google is licensed under the Asserted Patents.

## DEFENSE NO. 4: LACHES

5. The Complaint's alleged cause of action is barred by the doctrine of laches.

## DEFENSE NO. 5: ADEQUATE REMEDY AT LAW

6. Unwired Planet is not entitled to injunctive relief because any alleged injury to Unwired Planet is not immediate and irreparable, and Unwired Planet has an adequate remedy at law.

## DEFENSE NO. 6: LIMITATION ON DAMAGES

7. The Complaint's claim for damages against Google is limited by 35 U.S.C. §§ 286 and 287.

## DEFENSE NO. 7: NO COSTS

8. Unwired Planet is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## DEFENSE NO. 8: NO EXCEPTIONAL CASE

9. Unwired Planet cannot prove that this is an exceptional case justifying an award of attorneys' fees against Google under 35 U.S.C. § 285.

## DEFENSE NO. 9: FORUM NON CONVENIENS

10. This Court constitutes an inconvenient forum for this action and it should be dismissed or transferred pursuant to the doctrine of forum non conveniens or 28 U.S.C. § 1404(a).

## COUNTERCLAIMS

Counterclaimant Google Inc. ("Google") alleges its Counterclaims for declaratory relief against Counterdefendant Unwired Planet LLC ("Unwired Planet").

## JURISDICTION AND VENUE

1. On September 19, 2012, Unwired Planet filed a complaint in this Court alleging, among other things, that Google has infringed and is infringing U.S. Patent Nos. 6,292,657, 6,654,786, 6,662,016, 6,684,087, 6,895,240, 6,944,760, 7,024,205, 7,035,647, 7,203,752, and 7,463,151 (collectively, the "Asserted Patents"). Google asserts that it has not infringed and is not infringing each of the Asserted Patents and that one or more claims of each of the Asserted Patents is invalid. Accordingly, an actual, justiciable controversy exists between Google and Unwired Planet concerning the infringement and validity of each of the Asserted Patents, and such controversy can be redressed by a judgment of this Court. This Court's jurisdiction over Google's counterclaims arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; the patent laws of the United States, for which jurisdiction arises under 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 281; and this Court's supplemental jurisdiction for claims forming part of the same case or controversy as the claim alleged in Unwired Planet's Complaint, for which jurisdiction arises under 28 U.S.C. § 1367.

2. Unwired Planet is subject to personal jurisdiction in this Court because, among other reasons, it is organized under the laws of the State of Nevada and filed its Complaint in this Court.

3. Venue is proper in this District under 28 U.S.C. § 1391(b).

## THE PARTIES

4. Google is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business of 1600 Amphitheatre Parkway, Mountain View, California 94043.

5. On information and belief, Unwired Planet is a limited liability company organized and existing under the laws of the State of Nevada, with a principal place of business of 226 California Avenue, Reno, Nevada 89509.

## COUNTERCLAIM NO. 1

### Declaration of Invalidity of U.S. Patent No. 6,292,657

6. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

7. On information and belief, one or more of the claims of U.S. Patent No. 6,292,657 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

8. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 6,292,657 are invalid.

## COUNTERCLAIM NO. 2

### Declaration of Noninfringement of U.S. Patent No. 6,292,657

9. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

10. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 6,292,657 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

11. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 6,292,657.

## COUNTERCLAIM NO. 3

### Declaration of Invalidity of U.S. Patent No. 6,654,786

12. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

13. On information and belief, one or more of the claims of U.S. Patent No. 6,654,786 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 6,654,786 are invalid.

### COUNTERCLAIM NO. 4

**Declaration of Noninfringement of U.S. Patent No. 6,654,786**

15. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

16. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 6,654,786 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

17. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 6,654,786.

### COUNTERCLAIM NO. 5

**Declaration of Invalidity of U.S. Patent No. 6,662,016**

18. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

19. On information and belief, one or more of the claims of U.S. Patent No. 6,662,016 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 6,662,016 are invalid.

### COUNTERCLAIM NO. 6

**Declaration of Noninfringement of U.S. Patent No. 6,662,016**

21. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

22. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 6,662,016 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

23. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 6,662,016.

## COUNTERCLAIM NO. 7

**Declaration of Invalidity of U.S. Patent No. 6,684,087**

24. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

25. On information and belief, one or more of the claims of U.S. Patent No. 6,684,087 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 6,684,087 are invalid.

## COUNTERCLAIM NO. 8

**Declaration of Noninfringement of U.S. Patent No. 6,684,087**

27. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

28. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 6,684,087 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

29. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 6,684,087.

**COUNTERCLAIM NO. 9**

**Declaration of Invalidity of U.S. Patent No. 6,895,240**

30. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

31. On information and belief, one or more of the claims of U.S. Patent No. 6,895,240 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 6,895,240 are invalid.

**COUNTERCLAIM NO. 10**

**Declaration of Noninfringement of U.S. Patent No. 6,895,240**

33. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

34. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 6,895,240 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

35. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 6,895,240.

**COUNTERCLAIM NO. 11**

**Declaration of Invalidity of U.S. Patent No. 6,944,760**

36. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

37. On information and belief, one or more of the claims of U.S. Patent No. 6,944,760 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 6,944,760 are invalid.

### COUNTERCLAIM NO. 12

**Declaration of Noninfringement of U.S. Patent No. 6,944,760**

39. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

40. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 6,944,760 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

41. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 6,944,760.

### COUNTERCLAIM NO. 13

**Declaration of Invalidity of U.S. Patent No. 7,024,205**

42. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

43. On information and belief, one or more of the claims of U.S. Patent No. 7,024,205 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

44. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 7,024,205 are invalid.

### COUNTERCLAIM NO. 14

**Declaration of Noninfringement of U.S. Patent No. 7,024,205**

45. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

46. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 7,024,205 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

47. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 7,024,205.

## COUNTERCLAIM NO. 15

### Declaration of Invalidity of U.S. Patent No. 7,035,647

48. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

49. On information and belief, one or more of the claims of U.S. Patent No. 7,035,647 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

50. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 7,035,647 are invalid.

## COUNTERCLAIM NO. 16

### Declaration of Noninfringement of U.S. Patent No. 7,035,647

51. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

52. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 7,035,647 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

53. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 7,035,647.

**COUNTERCLAIM NO. 17**

**Declaration of Invalidity of U.S. Patent No. 7,203,752**

54. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

55. On information and belief, one or more of the claims of U.S. Patent No. 7,203,752 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

56. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 7,203,752 are invalid.

**COUNTERCLAIM NO. 18**

**Declaration of Noninfringement of U.S. Patent No. 7,203,752**

57. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

58. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 7,203,752 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

59. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 7,203,752.

**COUNTERCLAIM NO. 19**

**Declaration of Invalidity of U.S. Patent No. 7,463,151**

60. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

61. On information and belief, one or more of the claims of U.S. Patent No. 7,463,151 are invalid because they fail to satisfy all the requirements of Part II of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

62. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that one or more claims of U.S. Patent No. 7,463,151 are invalid.

## COUNTERCLAIM NO. 20

**Declaration of Noninfringement of U.S. Patent No. 7,463,151**

63. Google realleges and incorporates Paragraphs 1 to 5 of its Counterclaims by reference as if fully set forth herein.

64. Google has not infringed and is not infringing any valid claim of U.S. Patent No. 7,463,151 directly, contributorily, or by way of inducement, either literally or under the doctrine of equivalents.

65. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, Google is entitled to a declaratory judgment that it has not infringed and is not infringing U.S. Patent No. 7,463,151.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Google hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully prays for relief as follows:

A. That the Court enter judgment in favor of Google and against Unwired Planet on the claim in Unwired Planet's Complaint;

B. That Unwired Planet's claim be dismissed in its entirety with prejudice;

C. That Unwired Planet take nothing by way of its claim;

D. That the Court enter judgment in favor of Google on each of its counterclaims against Unwired Planet;

E. That each of the Asserted Patents be declared invalid and unenforceable;

F. That Google be found not to have infringed any of the Asserted Patents;

G. That Google be awarded its costs and attorneys' fees under 35 U.S.C. § 285; and

H.   That Google be awarded such other relief as this Court deems proper.

DATED: November 29, 2012                MUNGER, TOLLES & OLSON LLP


By:/s/ Gregory P. Stone
   Gregory P. Stone
   Attorneys for Defendant
   Google Inc.

# CERTIFICATE OF SERVICE

I certify that I am an employee of GORDON SILVER, and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the attached **DEFENDANT GOOGLE INC.'S ANSWER AND COUNTERCLAIMS/DEMAND FOR JURY TRIAL** on the parties as set forth below:

\_\_\_\_  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, Reno, Nevada, postage prepaid, following ordinary business practices

\_\_\_\_  Certified Mail, Return Receipt Requested

\_\_\_\_  Via Facsimile (Fax)

\_\_\_\_  Via E-Mail

\_\_\_\_  Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered

\_\_\_\_  Federal Express (or other overnight delivery)

XXX   EM/ECF Electronic Notification

addressed as follows:

Michael D. Rounds
mrounds@watsonrounds.com
Adam K. Yowell
ayowell@watsonrounds.com
Watson Rounds
5371 Kietzke Lane
Reno, NV 89511

Theodore Stevenson, III
tstevenson@mckoolsmith.com
McKool Smith, P.C.
3000 Crescent Court
Suite 1500
Dallas, TX 75201

Kevin L. Burgess
kburgess@mckoolsmith.com
Pierre J. Hubert
phubert@mckoolsmith.com
John M. Shumaker
jshumaker@mckoolsmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701

DATED this 29th day of November, 2012.

/s/ Cindy S. Grinstead
An Employee of GORDON SILVER

- 18 -