Theodore Stevenson III (*pro hac vice*)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
Texas State Bar No. 2400069
kburgess@mckoolsmith.com
Pierre Hubert (*pro hac vice*)
Texas State Bar NO. 240023
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Michael D. Rounds
Nevada State Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada State Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Telephone: (775) 324-4100
Fax: (775) 333-8171

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO DIVISION**

| | |
|---|---|
| **UNWIRED PLANET LLC, a Nevada limited liability company,** | Case No. 3:12-cv-0504-LRH-VPC |
| Plaintiff, | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER** |
| v. | |
| **GOOGLE INC., a Delaware corporation,** | **(SPECIAL SCHEDULING REVIEW REQUESTED)** |
| Defendant. | |

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
1 of 10

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rules 26-1(d) and (e), Plaintiff UNWIRED PLANET LLC ("Plaintiff"), by their attorneys, and Defendant GOOGLE INC., ("Defendant"), by their attorneys, submit the following Joint Rule 26(f) Report and Discovery Plan and Proposed Scheduling Order ("Discovery Plan").

**A.    Reasons for Requesting Special Scheduling Review**

Pursuant to L.R. 26-1(d), the parties request special scheduling review.  This is a complex patent case in which Plaintiff asserts ten patents in nine different patent families, directed to a wide range of technologies (Dkt. #1).  Plaintiff has alleged that each of these patents is infringed by a number of distinct Google products and services. *Id.*  Defendant asserts non-infringement and numerous invalidity defenses and counterclaims (Dkt. # 28).  In light of the complexity of the case, the parties agree that the time limits provided in the local rules should be extended and, therefore, request a special scheduling review pursuant to LR 26-1.

**B.    Meeting**

The following persons participated in a Rule 26(f) conference on January 11, 2013 by telephone conference:

On behalf of Unwired Planet LLC:  Michael Rounds and John Shumaker.

On behalf of Google Inc.: John Desmond, Peter Detre and Adam Lawton.

**C.    Initial Disclosures**

The parties will serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on March 1, 2013.

**D.    Local Rule 26-1(e)(1) – Discovery Cut-Off Date**

The parties jointly propose that the fact discovery cut-off date shall be 60 days after the entry of a claim construction order as to all asserted patents in this matter.  This will allow the parties to complete any necessary fact discovery after the entry of the claim construction order.

**E.     Local Rule 26-1(e)(2) – Amendments to Pleadings**

The parties jointly propose that the date for filing motions to amend the pleadings or to add parties shall be 30 days prior to the fact discovery cut-off.

**F.     The Parties' Contentions**

The parties jointly propose the following dates for exchange of the contentions called for by Local Rules 16.1-6 – 16.1-10:

| EVENT | DEADLINE |
|---|---|
| Plaintiff to serve disclosure of asserted claims and infringement contentions, and accompanying documents, pursuant to Local Rules 16.1-6 – 16.1-7 | March 15, 2013 |
| Defendants to serve noninfringement, invalidity and unenforceability contentions, and accompanying documents, pursuant to Local Rules 16.1-8 – 16.1-9 | June 13, 2013 |
| Plaintiff to serve response to Defendants' noninfringement, invalidity and unenforceability contentions, and accompanying documents, pursuant to Local Rules 16.1-10 | July 29, 2013 |

**G.     Claim Construction**

The parties jointly propose the following dates for claim construction related events:

| EVENT | DEADLINE |
|---|---|
| Exchange of Proposed Terms for Construction (LR 16.1-13) | August 14, 2013 |
| Exchange of Proposed Claim Constructions and Supporting Intrinsic and Extrinsic Evidence (LR 16.1-14) | 30 days after exchange of proposed terms |
| Parties File Joint Claim Construction and Prehearing Statement LR 16.1-15) | 15 days after exchange of proposed constructions |
| Plaintiff Proposes Parties' Submit Markman Tutorials | 35 days after Joint Claim Construction and Prehearing Statement is Filed |
| Opening Claim Construction Brief from Plaintiff (LR 16.1-16) | 45 days after Joint Claim Construction and Prehearing Statement is filed |

| EVENT | DEADLINE |
|---|---|
| Responsive Claim Construction Briefs from Defendant (LR 16.1-16) | 45 days after Opening Claim Construction Brief |
| Reply Claim Construction Brief from Plaintiff (LR 16.1-16) | 14 days after Responsive Claim Construction Brief |
| Claim Construction Hearing (LR 16.1-17) | Court's convenience |

Plaintiff proposes that a Markman tutorial is appropriate and necessary for the patents-in-suit in order for the Court to become familiar with the technology and terminology of the patents prior to rendering a decision as to what the claim terms at issue mean.  Plaintiff also proposes that the opening and responsive claim construction briefs not exceed 100 pages, with the reply brief limited to 50 pages.  The page limitations may be subject to increase based upon the number of claim terms at issue at the time of briefing but Plaintiff believes that these page limitations are at a minimum appropriate to brief the claim term constructions of 10 patents.

Defendant proposes that the parties await the Court's guidance as to whether tutorials should be submitted to the Court, as Plaintiff proposes in the schedule above, or whether a live tutorial shortly before the claim construction hearing at which the Court could ask questions would be more helpful.  Defendant also submits that it is premature to set page limits for the claim construction briefs at this time.  Once the Joint Claim Construction and Prehearing Statement is filed, it will be clear how many claim terms are at issue and the parties can request permission to file overlong briefs if they believe that such an accommodation is necessary.

**H.    Local Rule 26-1(e)(3) – Expert Disclosures**

The parties jointly propose the following dates for expert disclosures:

| EVENT | DEADLINE |
|---|---|
| Opening expert reports on issues for which the serving party has the burden of proof | 75 days after entry of claim construction order |

| EVENT | DEADLINE |
|---|---|
| Rebuttal expert reports, on issues for which the other party has the burden of proof | 45 days after service of opening expert reports |
| Expert discovery completed | 45 days after service of rebuttal expert reports |

**I.     Local Rule 26-1(e)(4) – Dispositive Motions**

The parties jointly propose that any dispositive motions or *Daubert* motions concerning the proposed testimony of any expert must be filed within 45 days after the completion of expert discovery. Within 10 days after the completion of expert discovery, the parties will meet and confer and/or seek a telephonic status conference with the Court to determine whether any limit on the number and length of summary judgment motion(s) beyond what is provided in the Local Rules would be appropriate.

**J.     Local Rule 26-1(e)(5) – Pretrial Order**

The parties jointly propose that the deadline for filing the joint pretrial order is 30 days after the deadline for filing dispositive motions or 30 days after the Court's decision on dispositive motion(s), whichever is later. Pursuant to LR 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

**K.     Settlement Conferences**

The parties jointly propose the following dates for the settlement conferences called for by Local Rule 16.1-19:

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
5 of 10

| EVENT | DEADLINE |
|---|---|
| Pre-Claim Construction Settlement Conference | August 16, 2013 |
| Post-Claim Construction Settlement Conference | 30 days after entry of the claim construction order |
| Pre-trial Settlement Conference | 30 days after filing of the Pre-Trial Order |

**L.   Additional Provision**

   a.   Interim Status Report

The parties jointly propose that the parties will file a joint Interim Status Report pursuant to LR 26-3 thirty (30) days before the fact discovery cut off.

   b.   Motions *in Limine*

The parties jointly propose that any motions *in limine* must be filed 30 days prior to trial. The parties further propose that any oppositions to motions *in limine* must be filed 14 days after the motions *in limine* are filed.  The parties will address in the Pretrial Order whether there should be a limitation on the number of motions in limine filed by each party.

   c.   Privilege Logs

The parties jointly agree that privileged documents created after the filing of the original Complaint in this action may be withheld without being identified to a requesting party, unless the requesting party makes a particular request for post-Complaint privileged documents, which request may be complied with or objected to, subject to review by the Court if necessary.

   d.   Disclosure or Discovery of Electronically-Stored Information

The parties will produce electronically-stored information according to the Federal Circuit's Model Order Regarding E-Discovery In Patent Cases ("Model Order").  A copy of the Model Order is attached as Exhibit A.

   e.   E-Mail Service

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (e.g., filings under seal), will

be served via e-mail on all counsel who have entered an appearance on behalf of the party to be served, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served. The parties have further agreed that all service of written discovery and/or responses shall take place at or before 7:00 pm Pacific time; documents served after 7:00 pm Pacific time shall be deemed served the next day. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service or by overnight delivery. If service is by overnight delivery, the serving party must use a service having the ability to "track" deliveries and verify receipt.

      f.    <u>Interrogatories and Admissions</u>

Plaintiff proposes that the parties be limited to a maximum of 50 interrogatories per side, including contention interrogatories, while Defendant proposes that the parties proceed according to the limit on interrogatories provided in Fed. R. Civ. P. 33. The parties agree to a maximum of 50 requests for admission (RFAs) per side, exclusive of RFAs directed solely to the authentication, foundation, and/or admissibility of documents or other evidence, of which the parties agree that they may each have an unlimited number.

      g.    <u>Depositions</u>

The parties agree that each side is limited to a total of 150 hours of fact witness depositions, inclusive of Fed. R. Civ. P. 30(b)(6) depositions, and exclusive of expert witnesses. The parties further agree that, other than Fed. R. Civ. P. 30(b)(6) depositions, each deposition of a fact witness is limited to a maximum of seven (7) hours unless extended by agreement of the parties or by order of the Court. The length of time for Fed. R. Civ. P. 30(b)(6) witnesses may vary depending on the number of topics for which a witness is designated. No personal deposition of a Fed. R. Civ. P. 30(b)(6) designee may duplicate the Fed. R. Civ. P. 30(b)(6) topics for that designee. The parties further agree to identify all corporate representatives designated pursuant to Fed. R. Civ. P. 30(b)(6) at least 5 business days prior to the deposition. In

addition, each party is entitled to one 7-hour deposition of each expert disclosed by the other party each time that the expert submits a report or substantive declaration. The parties each reserve the right to seek amendment of these limitations as discovery progresses.

      h.      <u>Third-Party Subpoenas</u>

Any party that serves a subpoena upon a third-party will simultaneously serve a copy of such subpoena upon each other party. Moreover, any party that receives documents and/or correspondence from a third-party pursuant to a subpoena will immediately provide those documents and/or correspondence to each other party.

      i.      <u>Materials Relating to Expert Witnesses</u>

The parties agree that, notwithstanding Fed. R. Civ. P. 26(b)(4)(E), each party will bear its own costs and fees, including any costs and fees incurred by its experts, in connection with expert discovery.

**M.    Protective Order**

The parties are conferring in good faith to present to the Court a joint protective order and expect to file one within 30 days of the Fed. R. Civ. P. 26(f) conference.

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

. . . . . . . . .

| | |
|---|---|
| Dated:   January 25, 2013. | Respectfully submitted, |
| | WATSON ROUNDS |
| | /s/ Michael D. Rounds |
| | Michael D. Rounds |
| | Nevada State Bar No. 4734 |
| | mrounds@watsonrounds.com |
| | Adam K. Yowell |
| | Nevada State Bar No. 11748 |
| | ayowell@watsonrounds.com |
| | WATSON ROUNDS |
| | 5371 Kietzke Lane |
| | Reno, Nevada 89511 |
| | Telephone: (775) 324-4100 |
| | Fax: (775) 333-8171 |
| | |
| | Theodore Stevenson III (*pro hac vice*) |
| | Texas State Bar No. 19196650 |
| | tstevenson@mckoolsmith.com |
| | MCKOOL SMITH, P.C. |
| | 300 Crescent Court, Suite 1500 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 978-4000 |
| | Fax: (214) 978-4044 |
| | |
| | Kevin Burgess (*pro hac vice*) |
| | Texas State Bar NO. 24006927 |
| | kburgess@mckoolsmith.com |
| | Pierre Hubert (*pro hac vice*) |
| | Texas State Bar No. 24002317 |
| | phubert@mckoolsmith.com |
| | MCKOOL SMITH, P.C. |
| | 300 W. 6th St., Suite 1700 |
| | Austin, Texas 78701 |
| | Telephone: (512) 692-8700 |
| | Fax: (512) 692-8744 |
| | |
| | ***ATTORNEYS FOR PLAINTIFF*** |
| | ***UNWIRED PLANET LLC*** |

GORDON SILVER

  /s/ John P. Desmond
John P. Desmond
Nevada State Bar No. 5618
jdesmond@gordonsilver.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501
Telephone: (775) 343-7500
Fax: (775) 786-0131

Gregory P. Stone (*pro hac vice*)
gregory.stone@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Fax: (213) 687-3702

Peter A. Detre (*pro hac vice*)
peter.detre@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Fax: (415) 512-4077

***ATTORNEYS FOR DEFENDANT GOOGLE INC.***

**IT IS SO ORDERED:**

Dated:

Hon. Valerie P. Cooke
United States Magistrate Judge

# Exhibit "A"

# Exhibit "A"

Addendum: Discovery Model Order

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>Defendant. | Case No. |

**[MODEL] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have

exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

3

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

        12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

        13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

        14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.