Theodore Stevenson III (*pro hac vice*)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
Texas State Bar No. 2400069
kburgess@mckoolsmith.com
Pierre Hubert (*pro hac vice*)
Texas State Bar NO. 240023
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Michael D. Rounds
Nevada Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Telephone: (775) 324-4100
Fax: (775) 333-8171

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>            Defendant. | Case No.: 3:12-CV-00504-LRH-VPC<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's January 28, 2013, Minute Order (Dkt. #37), Plaintiff UNWIRED PLANET LLC ("Plaintiff"), by its attorneys, and Defendant GOOGLE INC., ("Defendant"), by its attorneys, submit the following Case Management Report.

**A.     Nature of the Case and Description of the
         Principle Factual and Legal Disputes**

As described more fully below, this is a complex patent case in which Plaintiff asserts ten patents (Dkt. #1), and Defendant asserts non-infringement and numerous invalidity and unenforceability defenses and counterclaims (Dkt. # 28).

## **THE PATENTS**

Plaintiff asserts ten patents against Defendant:

- United States Letters Patent No. 6,292,657 ("the '657 patent"), entitled "Method and Architecture for Managing a Fleet of Mobile Stations Over Wireless Data Networks," issued to inventors Andrew L. Laursen and Maurice A. Jeffrey on September 18, 2001.

- United States Letters Patent No. 6,654,786 ("the '786 patent"), entitled "Method and Apparatus for Informing Wireless Clients About Updated Information," issued to inventors Mark A. Fox, Peter F. King, Seetharaman Ramasubramani, Bruce K. Martin, Jr., and Stephen S. Boyle on November 25, 2003.

- United States Letters Patent No. 6,662,016 ("the '016 patent"), entitled "Providing Graphical Location Information for Mobile Resources Using a Data-Enabled Network," issued to inventors Kevin Buckham, Tony Melli and James Fitch on December 9, 2003.

- United States Letters Patent No. 6,684,087 ("the '087 patent"), entitled "Method and Apparatus for Displaying Images On Mobile Devices," issued to inventors Francis H. Yu and Neil J. Cormia on January 27, 2004.

- United States Letters Patent No. 6,895,240 ("the '240 patent"), entitled "Method and Architecture for Managing a Fleet of Mobile Stations Over Wireless Data Networks," issued to inventors Andrew L. Laursen and Maurice A. Jeffrey on May 17, 2005.

- United States Letters Patent No. 6,944,760 ("the '760 patent"), entitled "Method and Apparatus for Protecting Identities of Mobile Devices on a Wireless Network," issued to inventor Fergus M. Wills on September 13, 2005.

- United States Letters Patent No. 7,024,205 ("the '205 patent"), entitled "Subscriber Delivered Location-Based Services," issued to inventor David Hose on April 4, 2006.

- United States Letters Patent No. 7,035,647 ("the '647 patent"), entitled "Efficient Location Determination for Mobile Units," issued to inventor Andre Laurent de Verteuil on April 25, 2006.

- United States Letters Patent No. 7,203,752 ("the '752 patent"), entitled "Method and System for Managing Location Information for Wireless Communications Devices," issued to inventors Christopher R. Rice, Cameron Fieber, Ron Poulin, and Peter Jones on April 10, 2007.

- United States Letters Patent No. 7,463,151 ("the '151 patent"), entitled "Systems and Methods for Providing Mobile Services Using Short-Range Radio Communication Devices," issued to inventor Hermann Schulte-Kellinghaus on December 9, 2008.

Plaintiff alleges that the '657, '786, '016, '087, '240, '760, '205, '647, '752, and '151 patents (collectively, the Asserted Patents) cover inventions relating to systems and/or services, servers supporting these systems and services, and mobile devices.

### THE CLAIMS FOR PATENT INFRINGEMENT

Plaintiff asserts three bases for infringement of the Asserted Patents. First, Plaintiff alleges that Defendant directly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271. Second, Plaintiff alleges that Defendant indirectly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(b). Third, Plaintiff alleges that Defendant indirectly infringes one or more claims of the Asserted Patents by contributory infringement under 35 U.S.C. § 271(c).

Plaintiff also alleges that Defendant's acts of direct, contributory, and induced infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover compensatory damages sustained as a result of Defendant's wrongful acts. Plaintiff alleges that, unless enjoined by this Court, Defendant will continue to infringe the Asserted Patents, continuing to damage Plaintiff and causing irreparable harm.

Plaintiff further alleges that Defendant has known about each of the Asserted Patents. Plaintiff alleges that Defendant lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Plaintiff alleges that Defendant's infringement is therefore willful, and Plaintiff is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

1  Defendant denies all of Plaintiff's allegations.

2  **DEFENSES AND COUNTERCLAIMS**

3  Defendant asserts nine affirmative and other defenses.  First, Defendant alleges that one
4  or more claims of the Asserted Patents are invalid for failure to satisfy all the requirements of
5  Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112.
6  Second, Defendant alleges that it has not directly or indirectly infringed, contributed to the
7  infringement of, or induced the infringement of any valid claim of any Asserted Patent, and is
8  not liable for infringement thereof.

9  Third, Defendant alleges that, to the extent that any Asserted Patents are essential to any
10  standard—whether established by the Wireless Application Protocol ("WAP") Forum or
11  otherwise—and to the extent any of the alleged inventions described in and allegedly covered by
12  such patents are used, manufactured, or sold by Defendant, its suppliers, and/or customers,
13  Defendant has the right to be licensed on fair, reasonable, and nondiscriminatory ("FRAND")
14  terms under those patents.  Defendant alleges that, to the extent Defendant is licensed expressly,
15  impliedly, or by operation of law by virtue of any agreement between Plaintiff or its predecessor-
16  in-interest on the one hand, and a supplier of Defendant on the other hand, Defendant is licensed
17  under the Asserted Patents.

18  Fourth, Defendant alleges that the complaint's alleged cause of action is barred by the
19  doctrines of laches.  Fifth, Defendant alleges that Plaintiff is not entitled to injunctive relief
20  because any alleged injury to Plaintiff is not immediate and irreparable, and Plaintiff has an
21  adequate remedy at law.  Sixth, Defendant alleges that the complaint's claim for damages against
22  Defendant is limited by 35 U.S.C. §§ 286 and 287.  Seventh, Defendant alleges that Plaintiff is
23  barred from recovering costs in connection with this action under 35 U.S.C. § 288.  Eighth,
24  Defendant alleges that Plaintiff cannot prove this is an exceptional case justifying an award of
25  attorneys' fees against Defendant under 35 U.S.C. § 285.  Ninth, Defendant alleges that this
26  Court constitutes an inconvenient forum for this action and that the action should be dismissed or
27  transferred pursuant to the doctrine of forum non conveniens or 28 U.S.C. § 1404(a).

28

1  Defendant also asserts counterclaims for declaratory judgment of non-infringement and
2  invalidity for each Asserted Patent.

3  **B.     Jurisdictional Bases for the Case**

4  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).
5  Defendant also alleges that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1367, 2201, and
6  2202 and 35 U.S.C. § 281.

7  Venue is proper in this judicial district under 28 U.S.C. § 1391(b).  Plaintiff also alleges
8  that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

9  **C.     Parties Named in Complaint and Status of Service**

10  Google Inc. is the only named defendant in the current action.  Plaintiff has served
11  Defendant with the complaint, and Defendant has answered.  Further, Plaintiff has answered the
12  counterclaims contained in Defendant's answer.

13  **D.     Prospect of Adding Additional Parties and Amending Pleadings**

14  At this time, Plaintiff and Defendant do not anticipate that additional parties will be
15  added to the action or that the pleadings will be amended.  The parties, however, have agreed
16  that any motions to add parties or amend the pleading must be filed 30 days before the close of
17  fact discovery.

18  **E.     List of Contemplated Motions**

19  The parties contemplate summary judgment, *Daubert*, and *in limine* motions after the
20  close of discovery, and expect that there may be motions to compel to resolve discovery disputes
21  as well.  The parties have agreed that any dispositive or *Daubert* motions must be filed within 45
22  days of the close of expert discovery.  Further, the parties agree that any motions *in limine* are
23  due 30 days before trial.

24  **F.     Pending Motions**

25  At this time, Defendant's motion to transfer venue is pending before the Court.  (Dkt.
26  #33).  Plaintiff's opposition to the motion was filed on February 5, 2013 pursuant to stipulation,
27  and Defendant's reply is due on February 21, 2013.  (Dkt. #34-35).  The pending motion does
28  not affect the parties' ability to comply with a case management order.

**G.     Status of Related Cases**

At this time, there are no related cases pending before other courts or other judges of this Court. Plaintiff notes that it has sued Apple in this judicial district on ten different patents in Case No. 3:12-cv-00505-RCJ-VPC.

**H.     Supplemental Discussion of Necessary Discovery**

The parties anticipate that document discovery will be voluminous in this case. Moreover, numerous witnesses will be deposed. The parties are beginning to identify the location of those documents and witnesses.

The parties have agreed to certain discovery limitations and/or have competing proposals for discovery limitations, as outlined below:

1.     <u>Interrogatories</u>

*Plaintiff's Proposal*: Plaintiff proposes that the parties be limited to a maximum of 50 interrogatories per side, including contention interrogatories.

*Defendant's Proposal*: Defendant proposes that the parties proceed according to the limit on interrogatories provided in Fed. R. Civ. P. 33.

2.     <u>Requests for Admission</u>

The parties agree to a maximum of 50 requests for admission (RFAs) per side, exclusive of RFAs directed solely to the authentication, foundation, and/or admissibility of documents or other evidence, of which the parties agree that they may each have an unlimited number.

3.     <u>Depositions</u>

The parties agree that each side is limited to a total of 150 hours of fact witness depositions, inclusive of Fed. R. Civ. P. 30(b)(6) depositions, and exclusive of expert witnesses. The parties further agree that, other than Fed. R. Civ. P. 30(b)(6) depositions, each deposition of a fact witness is limited to a maximum of seven (7) hours unless extended by agreement of the parties or by order of the Court. The length of time for Fed. R. Civ. P. 30(b)(6) witnesses may vary depending on the number of topics for which a witness is designated. No personal deposition of a Fed. R. Civ. P. 30(b)(6) designee may duplicate the Fed. R. Civ. P. 30(b)(6) topics for that designee. The parties further agree to identify all corporate representatives

1  designated pursuant to Fed. R. Civ. P. 30(b)(6) at least 5 business days prior to the deposition.  In
2  addition, each party is entitled to one 7-hour deposition of each expert disclosed by the other
3  party each time that the expert submits a report or substantive declaration.  The parties each
4  reserve the right to seek amendment of these limitations as discovery progresses.

5        4.    <u>Third-Party Subpoenas</u>

6  Any party that serves a subpoena upon a third-party will simultaneously serve a copy of
7  such subpoena upon all parties.  Moreover, any party that receives documents and/or
8  correspondence from a third-party pursuant to a subpoena will immediately provide those
9  documents and/or correspondence to each other party.

10        5.    <u>Materials Relating to Expert Witnesses</u>

11  The parties agree that, notwithstanding Fed. R. Civ. P. 26(b)(4)(E), each party will bear
12  its own costs and fees, including any costs and fees incurred by its experts, in connection with
13  expert discovery.

14        6.    <u>Protective Order</u>

15  The parties are conferring in good faith to present to the Court a joint protective order and
16  expect to file one within 30 days of the Fed. R. Civ. P. 26(f) conference.

17  **I.**    **Issues Relating to the Disclosure or Discovery of Electronically Stored Information**
18  The parties will produce electronically-stored information according to the Federal
19  Circuit's Model Order Regarding E-Discovery In Patent Cases ("Model Order").  A copy of the
20  Model Order was attached to the Joint Rule 26(f) Report and Discovery Plan and Proposed
21  Scheduling Order ("Joint Discovery Plan") as Exhibit A.  (Dkt. #36 at 11-15).

22  **J.**    **Issues Related to Claims of Privilege or Work Product**
23  The parties jointly agree that privileged documents created after the filing of the original
24  Complaint in this action may be withheld without being identified to a requesting party, unless
25  the requesting party makes a particular request for post-Complaint privileged documents, which
26  request may be complied with or objected to, subject to review by the Court if necessary.

27
28

**K.     Summary of Dates Proposed in the Parties' Joint Discovery Plan, Including Dates Specific to Patent Actions**

A chart summarizing the dates proposed in the parties' Joint Discovery Plan (Dkt. # 36) is attached as Exhibit A. That document indicates that there is a SPECIAL SCHEDULING REVIEW REQUESTED and the basis is the complexity of the case—10 patents asserted by Plaintiff to be infringed and the non-infringement, invalidity, and other defenses raised by Defendant in its answer.

**L.     Both Parties Request a Jury Trial**

Plaintiff requested a jury for all issues so triable. (Dkt. #1.) Similarly, Defendant requested a jury for all counterclaim issues so triable. (Dkt. #28.) Neither request is contested.

**M.     Estimated Length of Trial**

The parties estimate that the trial for this case will last three to four (3-4) weeks.

**N.     Prospects for Settlement**

The parties are not hopeful regarding the prospects of an early settlement. The parties will meet and confer from time to time and in good faith as instructed by the Court and in accordance with the times outlined in attached Exhibit A.

**O.     Additional Matters**

1.     E-Mail Service

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (e.g., filings under seal), will be served via e-mail on all counsel who have entered an appearance on behalf of the party to be served, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served. The parties have further agreed that all service of written discovery and/or responses shall take place at or before 7:00 pm Pacific time; documents served after 7:00 pm Pacific time shall be deemed served the next day. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service

1  or by overnight delivery.  If service is by overnight delivery, the serving party must use a service
2  having the ability to "track" deliveries and verify receipt.

3      2.      *Markman* Tutorial and Page Limits for Claim Construction Briefs

4  *Plaintiff's Proposal*:  Plaintiff proposes that a *Markman* tutorial is appropriate and
5  necessary for the patents-in-suit in order for the Court to become familiar with the technology
6  and terminology of the patents prior to rendering a decision as to what the claim terms at issue
7  mean.  Plaintiff also proposes that the opening and responsive claim construction briefs not
8  exceed 100 pages, with the reply brief limited to 50 pages.  The page limitations may be subject
9  to increase based upon the number of claim terms at issue at the time of briefing but Plaintiff
10 believes that these page limitations are at a minimum appropriate to brief the claim term
11 constructions of 10 patents.

12 *Defendant's Proposal*:  Defendant proposes that the parties await the Court's guidance as
13 to whether tutorials should be submitted to the Court, as Plaintiff proposes in the schedule above,
14 or whether a live tutorial shortly before the claim construction hearing at which the Court could
15 ask questions would be more helpful.  Defendant also submits that it is premature to set page
16 limits for the claim construction briefs at this time.  Once the Joint Claim Construction and
17 Prehearing Statement is filed, it will be clear how many claim terms are at issue and the parties
18 can request permission to file overlong briefs if they believe that such an accommodation is
19 necessary.

20     3.      Dispositive Motions

21 Within 10 days after the completion of expert discovery, the parties will meet and confer
22 and/or seek a telephonic status conference with the Court to determine whether any limit on the
23 number and length of summary judgment motion(s) beyond what is provided in the Local Rules
24 would be appropriate.

25     4.      Pretrial Order

26 Pursuant to LR 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any
27 objections thereto shall be included in the pretrial order.

28

5. <u>Substantial Completion of Document Production</u>

The parties agree that documents to be produced by the date specified for the substantial completion of document discovery (September 1, 2013) will be limited to those documents responsive to requests for production that are served by March 29, 2013.

Dated:  February 7, 2013

                                            Respectfully submitted,

                                            WATSON ROUNDS

                                            /s/ Michael D. Rounds
                                            Michael D. Rounds
Nevada State Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada State Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Fax: (775) 333-8171

Theodore Stevenson III (*pro hac vice*)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

| | |
|---|---|
| 1 | |
| 2 | Kevin Burgess (*pro hac vice*)<br>Texas State Bar NO. 24006927 |
| 3 | kburgess@mckoolsmith.com<br>Pierre Hubert (*pro hac vice*) |
| 4 | Texas State Bar No. 24002317<br>phubert@mckoolsmith.com |
| 5 | MCKOOL SMITH, P.C.<br>300 W. 6th St., Suite 1700 |
| 6 | Austin, Texas 78701<br>Telephone: (512) 692-8700<br>Fax: (512) 692-8744 |
| 7 | |
| 8 | ***ATTORNEYS FOR PLAINTIFF***<br>***UNWIRED PLANET LLC*** |
| 9 | - and – |
| 10 | GORDON SILVER |
| 11 | |
| 12 |   /s/ John P. Desmond |
| 13 | John P. Desmond<br>Nevada State Bar No. 5618 |
| 14 | jdesmond@gordonsilver.com<br>100 West Liberty Street, Suite 940 |
| 15 | Reno, Nevada 89501<br>Telephone:  (775) 343-7500<br>Fax:  (775) 786-0131 |
| 16 | |
| 17 | Gregory P. Stone (*pro hac vice*)<br>Gregory.stone@mto.com |
| 18 | MUNGER, TOLLEX & OLSEN LLP<br>355 South Grand Avenue, 35th Floor |
| 19 | Los Angeles, CA 90071-1560<br>Telephone:  (213) 683-9100<br>Fax:  (213) 687-3702 |
| 20 | |
| 21 | Peter A. Detre (*pro hac vice*)<br>Peter.detre@mto.com |
| 22 | MUNGER, TOLLES & OLSEN LLP<br>560 Mission Street |
| 23 | San Francisco, CA 94105-2907<br>Telephone:  (415) 512-4000<br>Fax:  (415) 512-4077 |
| 24 | |
| 25 | ***ATTORNEYS FOR DEFENDANT***<br>***GOOGLE INC.*** |
| 26 | |
| 27 | |
| 28 | |

**EXHIBIT A**

| EVENT | DEADLINE |
|---|---|
| Parties to serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | March 1, 2013 |
| Plaintiff to serve initial disclosure of asserted claims and infringement contentions pursuant to Local Rules 16.1-6 | March 15, 2013 |
| Plaintiff to serve documents accompanying initial disclosure of asserted claims and infringement contentions pursuant to Local Rules 16.1-7 | March 15, 2013 |
| Defendant to serve non-infringement, invalidity, and unenforceability contentions pursuant to Local Rules 16.1-8 | June 13, 2013 |
| Defendant to serve documents accompanying non-infringement, invalidity, and unenforceability contentions pursuant to Local Rules 16.1-9 | June 13, 2013 |
| Plaintiff to serve response to initial non-infringement, invalidity, and unenforceability contentions pursuant to Local Rule 16.1-10 | July 29, 2013 |
| Document production to be substantially completed by all parties | September 1, 2013 (for requests for production served by March 29, 2013) |
| Pre-Claim Construction Settlement Conference pursuant to Local Rule 16.1-19(a) | TBA by Court (parties proposed August 16, 2013) |
| Exchange of proposed terms for claim construction pursuant to Local Rule 16.1-13 | August 14, 2013 |
| Motions to amend pleadings or add parties due | 30 days before close of fact discovery |
| Parties to meet and confer regarding claim constructions and extrinsic evidence pursuant to Local Rule 16.1-13 | 20 days after exchanging proposed terms |
| Exchange of preliminary claim constructions and supporting intrinsic and extrinsic evidence pursuant to Local Rule 16.1-14 | 30 days after exchanging proposed terms |
| Interim Status Report pursuant to Local Rule 16.1-15 | 30 days before close of fact discovery |
| Parties file Joint Claim Construction and Prehearing Statement pursuant to Local Rule 16.1-15 | 15 days after exchanging claim constructions |
| Close of fact discovery, including third-party discovery | 60 days after entry of *Markman* Order |

| EVENT | DEADLINE |
|---|---|
| Opening claim construction briefs from all parties pursuant to Local Rule 16.1-16 | 45 days after filing of Joint Claim Construction and Prehearing Statement |
| Responsive claim construction briefs from all parties pursuant to Local Rule 16.1-16 | 45 days after serving Opening Claim Construction Briefs |
| Reply claim construction briefs pursuant to Local Rule 16.1-16 | 14 days after serving Responsive Claim Construction Briefs |
| *Markman* Hearing | TBA by Court |
| Post-Claim Construction Order Settlement Conference pursuant to Local Rule 16.1-19(b) | TBA by Court (parties proposed 30 days after entry of *Markman* Order) |
| Opening expert reports on issues for which the serving party has the burden of proof | 75 days after entry of *Markman* Order |
| Rebuttal expert reports on issues for which the other party has the burden of proof | 45 days after serving opening expert reports |
| Completion of expert depositions | 45 days after serving rebuttal expert reports |
| Dispositive and *Daubert* motions due | 45 days after completing expert discovery |
| Motions *in limine* due | 30 days before trial |
| Oppositions to motions *in limine* due | 14 days after filing of a motion *in limine* |
| Joint Pretrial Order due | Later of: (a) 30 days after deadline for filing dispositive motions, or (b) 30 days after Court's decision on dispositive motion(s) |
| Pre-trial Settlement Conference pursuant to Local Rule 16.1-19(c) | TBA by Court (parties proposed 30 days after filing Pre-Trial Order) |
| Calendar Call | TBA by Court |
| Trial | TBA by Court |