1

2

3

4

5

6               UNITED STATES DISTRICT COURT

7                    DISTRICT OF NEVADA

8                        * * * * *

9   UNWIRED PLANET, LLC,              )   3:12-CV-0504-MMD (VPC)
                                      )
10                      Plaintiff,    )   ORDER
                                      )
11  vs.                               )
                                      )
12  GOOGLE, INC.,                     )
                                      )
13                      Defendants.   )
    ――――――――――――――――――――――――――――――    )
14

15        At the July 15, 2013 case management conference, the court ordered plaintiff's to reduce its

16  asserted claims from 124 to fifty-five (55), and it also determined that it would not limit the number

17  of defendant's prior art preference at that time (#112).  Counsel for the parties agreed to meet and

18  confer to revise the discovery plan and scheduling order to include the items on which they agreed.

19  *Id.*   The parties then filed an amended discovery plan and scheduling order, which this court

20  approved (# 117).

21        On August 20, 2013, this court held its monthly case management conference. Plaintiff

22  Unwired Planet ("plaintiff") filed its case management report (#s 131, 132, 133 & 134) as did

23  defendant Google ("defendant") (#s 127, 128, & 129).  The parties agree that fifty-five claims is

24  unmanageable and that plaintiff should further reduce the number of asserted claims.  However, the

25  parties disagree on the amount by which the number of asserted claims should be reduced, and they

26  also disagreed whether there should be any court-ordered reductions of prior art references at all.

27  The court heard arguments from the parties concerning when and the extent to which the parties

28  should be required to reduce the number asserted claims and prior art references after issuance of the

*Markman* order.  The court took these matters under submission, and this order follows.[1]

There are four issues before the court:

1.    When should limits on asserted claims and prior art references take effect?

2.    When and to what extent should plaintiff be ordered to reduce its asserted claims?

3.    Whether and to what extent should defendant be ordered to reduce its prior art references?

4.    What effect will a judgment have on non-elected patent claims and prior art references?

The court is confronted with a typical challenge in a patent case; that is, to reduce to manageable numbers the asserted claims, claims terms and prior art references that are, as here, excessive.  Careful management of a patent case requires the court to "focus on the core of the dispute [to] reduce the burden on courts and lower the expense to the parties.  In addition, a greater focus on the true issues will improve the quality of the adjudicatory process for all." *See* Ex. 17, "Introduction to "[Model] Order Limiting Excess Patent Claims and Prior Art," ("Proposed Model Order") at 2; attached to #134, Decl. of Kevin M. Kneupper.[2]  Although the Proposed Model Order remains just that – a proposed model order – it offers this court guidance concerning the four key issues the court must address:  What should be limited?  When should limits on asserted claims and prior art references take effect? How should limits be formulated? What effect will a judgment have on non-elected patent claims and prior art references?

---

[1]The court has reviewed the transcript of the August 20, 2013, hearings, as well as the parties' case management reports and exhibits to those reports.

[2]This court acknowledges that the Proposed Model Order was posted, but has been withdrawn from the Federal Circuit's website. *See* www.cafc.uscourts.gov/images/ model_orders.pdf.  The Advisory Council of the United States Court of Appeals for the Federal Circuit posted a disclaimer on the Federal Circuit's official website that "to avoid the misperception that the [Federal Circuit] Court has endorsed or taken any positions on the model orders through the Advisory Council, or otherwise, the Advisory Council confirms that it does not sponsor or endorse orders." *Id.*

**A.     When should limits on asserted claims and prior art references take effect?**

The parties agree a further reduction of asserted claims and an initial reduction of prior art references should occur after the *Markman* order issues in the time frame the parties proposed in their amended scheduling order (#115).  The parties' current scheduling order requires a two-stage reduction after the *Markman* order issues to allow an initial reduction of claims and prior art references followed by a second reduction after expert discovery and prior to trial.  *Id.*   The court approved this schedule, and it stands.

**B.     When and to what extent should the plaintiff be ordered to reduce its asserted claims, and when and to what extent should the defendant be ordered to reduce its prior art references?**

The court considers these two issues together because they are intertwined.  As noted, plaintiff was earlier ordered to reduce its asserted claims from 124 to fifty-five, and it did so.  What follows is a summary of the parties' respective proposals, as well as the Proposed Model Order's suggested time line.

*1.     Plaintiff*

Plaintiff proposes that it reduce its asserted claims to thirty (30) twenty days after the *Markman* Order issues.  Forty-five days after the *Markman* Order issues, defendant would reduce its invalidity contentions to five (5) per claim, and each alleged anticipatory reference would count as one contention and each combination of references for obviousness will count as one contention (#131).

Fourteen days before filing the joint pretrial order, plaintiff proposes a further reduction of its asserted claims to fifteen (15) and defendant would then reduce to three (3) invalidity contentions per claim. *Id.*

*2.     Defendant*

Defendant proposes that plaintiff reduce its asserted claims to fifteen (15) after the *Markman* Order issues. Transcript of August 20, 2013 Case Management Conference at p. 58, lines 18-22

("Tr.").[3]  Defendant asks that it not be limited its prior art references at all because this would not comport with due process and dispositive motions will necessarily reduce defenses that have no basis in law or fact prior to trial (#127 at 4:19-22).  If this court nevertheless decides to limit prior art references, defendant suggests the after issuance of the *Markman* Order, defendant reduce to fifteen (15) references per independent claims, and eighteen (18) references per dependent claim.  Prior to trial, there would be a further reduction of five (5) references per independent claim and eight (8) reference per dependent claim.  *See, e.g., Microunity Sys. Eng.'g., Inc. Apple, Inc.,* No. 10-CV-91 (E.D.Tex. Feb. 14, 2012).

### 3.    *The Proposed Model Order*

The commentary to the Proposed Model Order advocates for "default material limits" on the number of asserted patent claims *and* prior art references to "balance the need for discovery against the benefits of early streamlining," but in a phased process (Ex. 17 at 3 to # 134).  For the first phase, the Proposed Model Order provides that the plaintiff shall assert no more than ten (10) claims for each patent and not more than a total of thirty-two (32) claims.  *Id.*  Fourteen days later, the defendant shall assert no more than twelve (12) prior art references against each patent and not more than a total of forty (40) references.  *Id.*

After issuance of the *Markman* Order, the plaintiff identifies "no more than five asserted claims per patent from among the ten previously identified and not more than a total of 16 claims." *Id.*  The patent defendant the serves its final election and identifies "no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and for more than a total of 20 references."  *Id.*[4]

---

[3]Defendant suggested this one-step reduction of claims post-*Markman*, which the court rejects.

[4]The court acknowledges that the time line of the Proposed Model Order varies from the schedule adopted in this case, but it makes sense for this court to stand by the phased scheduling order it earlier adopted.

4

4.     *Conclusion*

The court has carefully considered the parties' arguments in their papers and at oral argument. It is persuaded that placing limits on both the number of asserted claims and prior art references in the scheduling order is reasonable. The following schedule and limitations will apply:

a.     Twenty days after issuance of the *Markman* Order, plaintiff will reduce its assert claims to 15 and not more than a total of 40 (forty) claims.

b.     Forty-five days after issuance of the *Markman* Order, defendant shall assert no more than 12 prior art references against each patent and not more than a total of 40 references.

c.     Fourteen days prior to filing the pretrial order, plaintiff will reduces its asserted claims to 8 claims per patent from among those previously identified and not more than a total of 18 claims.

d.     Defendant will then serve its final election in the pretrial order and identify no more than 4 prior art references per parent from among those prior art references previously identified  for that particular patent for no more than a total of 20 references.

**D.     The effect a judgment may have on non-elected patent claims and prior art references**

The court understands the parties' concerns about the effect a judgment in this case on non-elected patent claims and prior art references. For that reason, the court adopts the language in the Proposed Model Order to allow a party to see to modify this order, *upon a showing of diligence and with due consideration for good cause shown. Id.* (Emphasis supplied).

**E.     Conclusion**

Based on the foregoing and good cause appearing, the court enters the following order:

1.     Twenty days after issuance of the *Markman* Order, plaintiff will reduce its assert claims to 15 and not more than a total of 40 claims.

2.     Forty-five days after issuance of the *Markman* Order, defendant shall assert no more than 12 prior art references against each patent and not more than a total of 40 references.

3.     Fourteen days prior to filing the pretrial order, plaintiff will reduces its asserted claims to 8 claims per patent from among those previously identified and not more than a total of 18 claims.

4.     Defendant will then serve its final election in the pretrial order and identify no more than 4 prior art references per parent from among those prior art references previously identified   for that particular patent for no more than a total of 20 references.

5

5.  Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown.  Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted.  *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312-13 (Fed. Civ. 2011).  A failure to seek such modification will constitute acquiescence to the limits contained in this order.

6.  The parties shall submit a final revised discovery plan and scheduling order that comports with this order no later than **Monday, September 9, 2013.**

**IT IS SO ORDERED.**

DATED:  August 30, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

6