UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNWIRED PLANET LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No.  3:12-CV-0504-MMD (VPC)<br><br>**ORDER** |

On September 17, 2013, this court held a daylong case management conference in this patent lawsuit to address nine disputes between the parties. At the end of the day, the court took under submission one remaining issue that concerns the defendant Google, Inc.'s ("Google's") technical document production. This order follows.

**I.     Procedural History**

Plaintiff, Unwired Planet ("Unwired") alleges direct and indirect infringement of ten of its patents (#1), and Google answered and counterclaimed (#28). Pursuant to this District's Local Rules of Practice for Patent Cases, the parties submitted a detailed discovery plan and scheduling order to address all of these requirements, which this court later revised (#117). For purposes of this order, the operative deadlines at issue are (1) October 21, 2013, the date on which document production is to be substantially completed by all parties, and (2) December 17, 2013, when fact discovery closes, including third-party discovery.  Id.

It is undisputed that this case has generated a rolling production of approximately 280,000 pages of documents to date with more to come before the October 21, 2013, deadline.

Unwired reports that in the "'Custodian' field produced in the metadata to Google's documents [,] ... Google's listed four custodians to date in its document production: 'Google,' a blank field, 'C2DM/GCM,' or 'AdMob'" (#153, Decl. of Kevin Kneupper, ¶ 2).  These are not people.  However, in its initial disclosures, Google identified current and former Google employees who are likely to have discoverable information that Google may use to support its claims or defenses.  Unwired elected to depose at least three of these individuals prior to the close of document production, each of whom is an engineer:  Francesco Nerieri (C2DM/GCM); Andrew Miller (Google Maps); and Phil Verghese (Google Latitude).  *See* #153 and Unwired's Powerpoint Presentation at September 17, 2013 Case Management Conference at pages 74-76.  However, of the Google employees deposed, at least two were not asked to collect documents prior to their depositions (#153 at 14).  Unwired now believes that despite having listed thirty-nine employees, "it does not appear [the Google] produced a single document from a single one of these custodians." Id.

Unwired's position is that Google has an obligation to collect and produce documents from a witness prior to his or her deposition, and it asks the court for the following relief:

> The Court should order Google to:  (1) collect relevant documents from each individual who is or had been noticed for deposition or listed in Google's initial disclosures; (2) collect any relevant documents created by or shared with those individuals or created by or shared with any groups working on the accused functionalities on all internal Google document storage systems, (3) to produce the results of such a collection at least two weeks in advance of any given person's deposition to give Unwired Planet a chance to review those documents, and (4) to begin producing relevant documents on a rolling basis rather than waiting until the deadline for substantial completion of document production.

## II. Legal Analysis and Discussion

Fed.R.Civ.P 30 allows a party to take the deposition of parties and nonparties alike, and there are different procedures for the deposing party to obtain documents in aid of these depositions.  Fed.R.Civ.P. 30(b)(6) allows a party to notice the deposition of an entity such as Google and to specify the areas of inquiry.  The named organization must then designate one or more representatives to testify as to the areas of inquiry.  As to areas of inquiry for the 30(b)(6)

deponent, the noticing party must specify the areas of inquiry with reasonable specificity. *See, e.g., Louisiana Pacific Corp. v. Money Market 1Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012); *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.,* 251 F.R.D. 534, 538 (D. Nev. 2008); *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). The representative does not have to be an officer or director of the organization; instead, the company has a duty to make a conscientious, good-faith effort to designate a knowledgeable individual. *Louisiana Pacific Corp.*, 285 F.R.D. at 486-87; *Great American Ins. Co. of New York,* 251 F.R.D. at 538. The representative's testimony will be admissible against the organization, and the organization must prepare the individual to testify as to the organization's collective knowledge and information. *Id.* Failure to adequately prepare a 30(b)(6) witness can result in sanctions. *Great American Ins. Co. of New York*, 251 F.R.D. at 542.

Rule 30 also allows the deposition of an organization's employees who are not officers, directors, or managing agents; however a mere notice of deposition is insufficient. *Botell v. U.S.,* Slip Copy, 2013 WL 360410 *3 (E.D. Cal., January 29, 2013). An employee may be served with a subpoena, *id.*, and the employee is subject to sanctions for failing to appear. However, the organization is not bound by the statements of employees. *Louisiana Pacific Corp.,* 285 F.R.D. at 487. Fed.R.Civ.P. 45 is the mechanism for obtaining discovery and testimony from non-parties, and witnesses may be compelled to produce documents over which they have custody or control or which they possess. *In re Citric Acid Litigation*, 191 F.3d 1090, 1006-07 (9th Cir. 1999).

As to the persons Unwired deposed in this case, there are no deposition notices attached to Unwired's case management reports, so the court is not certain whether the depositions were noticed for a (1) custodian of records, (2) an officer, director, or managing agent, or (3) a percipient witness who is a current or former Google employee. They appear to fall into the category of current or former Google employees. However if Unwired sent Google 30(b)(6) deposition notices for an officer, director, or managing agent, then Unwired was required to

1 specify the areas of inquiry for those witnesses to allow Google to designate and prepare the appropriate individuals to appear for those depositions.  On the other hand, if the four or five individuals Unwired recently deposed are custodians of Google records or percipient witnesses, then Unwired was required to subpoena them along with any documents it requested they produce at their depositions.  In every instance, Unwired must follow the rules to enable the deponent to properly prepare for the deposition.

Absent compliance with Rule 30, Google has no independent duty to gather documents for depositions of any of the categories of persons Unwired may wish to depose.  In addition, while Unwired may elect to conduct deposition discovery in advance of the completion of the October 23rd deadline for document production, that does not relieve Unwired of its Rule 30 obligations.

Based on the foregoing, the court denies the relief Unwired requests with respect to the protocol for depositions in this case.  Depending on the nature of the deposition Unwired wishes to take, it must follow the procedures outlined in Rule 30.  If Google fails to comply with its corresponding Rule obligations, Unwired can seek relief from the court.

The court observes that the parties will engage in substantial deposition discovery in the coming months and given the complexity of this case, the parties would be well served to meet and confer to establish deposition protocols that comply with Rule 30 and establish a procedure by which such discovery disputes can be kept to a minimum.

IT IS SO ORDERED.

Dated:  Monday, September 23, 2013.

_____
UNITED STATES MAGISTRATE JUDGE