UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNWIRED PLANET LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.  3:12-CV-0504-MMD (VPC)<br><br>ORDER |

Before the court is the motion of defendant Google, Inc. ("Google") for clarification and reconsideration of order re: reduction of claims and prior art references (#150). Plaintiff Unwired Planet LLC ("Unwired") opposed (#166) and Google replied (#176). This order follows.

**I.     Procedural History**

Unwired originally identified 124 claims from ten patents as its asserted claims – the claims of the patent that are alleged to be infringed – in its LR 16.1-6 disclosures. Pursuant to this court's order, Unwired then reduced the number of asserted claims from its ten patents to a total of 55 (#122), and later filed a second amended notice of compliance with ordered reduction to 55 asserted claims as follows:

'657:  16 (1)

'786:  1, 5, 6, 11, 12, 20, 22, 29 (8)

'016:  1, 2, 3, 4, 5 (5)

'087:  1, 17, 27, 28, 30, 31, 34 (7)

1  '240: 1, 2, 3, 5, 6, 13, 15, 16, 17, 18, 27, 28, 30 (13)

2  '760: 10 (1)

3  '205: 1, 2, 3, 4, 5, 6 (6)

4  '647: 1, 2, 3, 13, 19, 24, 25 (7)

5  '752: 25, 26, 27, 28 29 (5)

6  '151: 21, 22 (2)

(#173 at p. 2, lines 8-18).

At the August 20, 2013 case management conference, the parties offered different proposals for further reduction of Unwired's asserted claims as well as reduction of Google's prior art references. The court heard oral argument, took the matter under submission, and issued its order (#147). The court's order and the parties' respective proposals for a reduction of Unwired's asserted claims are summarized in the table below:

**Reduction of Unwired's Asserted Claims**

| **Party** | **After Claim Construction** | **Before Trial** |
|---|---|---|
| Unwired | 30 claims total (no limit per patent) | 15 claims total (no limit per patent) |
| Google | 15 claims total (no limit per patent) | 15 claims total (no limit per patent) |
| Court Order | 40 claims total (15 per patent) | 18 claims total (8 per patent) |

(#127 at 2:3-22; 3:1-9; #131 at 12:17-23; #147 at 5:20-21; 5:24-25; #147).

With respect to reductions of prior art references, Google's view was that limitations on its prior art defenses "has the effect of depriving Google of viable defenses to Unwired Planet's claims," but proposed a reduction if the court was inclined to do so (#127 at 3:20-22; 5:6-12, n. 5). Unwired disagreed and proposed its own reductions in Google's prior art references (#131 at 12:5-16). The parties' proposed prior art reductions and the court's order are summarized below:

2

**Reduction of Google's Prior Art References**

| Party | After Claim Construction | Before Trial |
|---|---|---|
| Unwired | 5 contentions per claim, where each contention may comprise a combination of two or more references | 3 contentions per claim, where each contention may comprise two or more references |
| Google | No limit (but in no event fewer than 15 references per independent claim and 18 per dependent claim) | No limit (but in no event fewer than 5 references per independent claim and 8 per dependent claim) |
| Court Order | 12 references per patent and no more than 40 claims asserted | 4 references per patent and no more than 20 references |

(#150 at 7:18-26).

Google seeks reconsideration of this court's order.

**I.     Analysis**

Google asks the court to clarify or reconsider its August 30, 2013 order (#147), which is interlocutory in nature.  This court has inherent jurisdiction to reconsider, rescind or modify such orders. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001).  Rule 54(b) of the Federal Rules of Civil Procedure allows the court to revise any order adjudicating fewer than all of the claims in an action at any time before final judgment. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).  However, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.,* 319 B.R. 207, 209 (D.Nev. 2004).

In its motion, Google does not present newly discovered evidence, nor does it contend there has been an intervening change in controlling law.  Google does, however, suggest that the

3

1  court committed clear error or that the order is manifestly unjust for three reasons: (1) the order
2  allows Unwired to assert more patent claims than even Unwired asked to assert; (2) the order
3  limits Google to fewer prior art references than even Unwired asked Google to be limited to; and
4  (3) the order allows Google an average of only one prior art reference per patent claim, which is
5  far fewer than Google contends it will need for several reasons, chief among them, that proof of
6  obviousness requires a combination of prior art references (#150 at 1:12-19).

7  Unwired offers several arguments in opposition to reconsideration of the August 30th
8  order. Unwired contends Google failed to present any newly discovered evidence or an
9  intervening change in controlling law (#166 at 3:20-24; 6:14-16). This is true. Unwired then
10  asserts that to the extent Google is presenting new arguments in its motion for reconsideration,
11  Google has waived those arguments. *Id.* at 6:17-277:1-2. The court disagrees with this
12  characterization. From its perspective, the court concludes that Google recognized the difficulty
13  the court had in understanding the parties' positions, as reflected in its order, and provided much
14  needed basic information about patent law to assist the court in clarifying or modifying its order.

15  The focus of Unwired's opposition is that the court's order is neither clear error nor
16  manifestly unjust. Unwired argues that the court's order is reasonable in light of the Federal
17  Circuit Advisory Council's proposed model order and the court's desire to manage this case. *Id.*
18  at 4:10-12. Unwired also points out that as to the limitations imposed on Unwired's asserted
19  claims, the parties never "agreed" to limitations about the number of claims Unwired would be
20  permitted to assert. Rather, Unwired only proposed that the asserted claims be limited to 30 after
21  the *Markman* hearing and 15 before trial. (#131 at 12:17-23).

22  Unwired next contends that it has already reduced its asserted claims and will do so in the
23  future, but it should not have to make further reductions "simply for the sake of making
24  reductions." *Id.* at 4:26-27; 5:1-9. Unwired characterizes such further reductions as Google's
25  litigation tactic to limit as much as possible the number of claims that Unwired may assert. *Id.* at
26  5:6-9. Unwired also believes the court's limitations on the number of prior art references is not
27  only fair but generous to Google because Google is not required to reduce its prior art references

28  4

at this time, but only after discovery, while Unwired will have to deal with more than 200 alleged pieces of prior art, and combinations thereof. *Id.* at 5:12-17. Google will not have to decide on its reduction of prior art references until Unwired has already made further reductions of its asserted claims. *Id.* at 5:17-19.

Unwired asserts that "[f]or nine of the ten asserted patents Google alleges at least one prior art reference that, on its own, allegedly anticipates *every* asserted claim of the patent it is asserted against according to Google." *Id.* at 5:24-26 (emphasis in the original). Unwired goes on to state, "For many of the patents, Google alleges that multiple prior art references, on their own, anticipate every asserted claim of the patents they are asserted against." *Id.* at 5:26-27. After offering some examples of certain patents, Unwired concludes that it is not unreasonable for the court to require Google to limit Google's assertions to four references per asserted patent before trial. *Id.* at 6:4-5.

Finally, the adoption of the Federal Circuit Advisory Council's proposed model order provision that allows for later modification of asserted claims and prior art limitations, "upon a showing of diligence and with due consideration for good cause shown" renders moot any argument that this court's order is clear error or manifestly unjust because Google will have the ability to ask that its prior art limitations be increased. *Id.* at 6:6-13.

**III.     Discussion**

The court continues its quest to learn and understand the labyrinthian world of patent law in reconsidering its August order. At the outset, the court acknowledges that Google did not specifically tell the court it committed clear error, or that the August 30th order is manifestly unjust. Rather, in the most diplomatic way possible, Google provided the court with the necessary tutorial about the issues before the court so that the court could decide for itself whether it committed plain error or that its order would result in manifest injustice. Google's motion explains in helpful detail the nature of patent claims, prior art defenses, and prior art references. *See* # 150 at pages 2-9. In addition, Google offers context for the Federal Circuit

Advisory Council's proposed model order and why some of its provisions may not apply in this particular case.[1]

The court concludes that it committed clear error in its August 30, 2013 order (#147) and that the results of the order may result in manifest injustice. Google's motion for reconsideration (#150) is granted, and the court now turns to consideration of the issues addressed in its prior order.

### A. *Reduction of Unwired's Asserted Claims*

Unwired initially identified a total of 124 claims from ten patents as its asserted claims in its initial disclosures. In its July 15, 2013 order, the court directed Unwired to reduce its claims to 55, and it did so (#125). However, the parties recognized that 55 claims is too many to be presented at trial, and the next dispute centered on when and to what extent Unwired should reduce its claims after the *Markman* hearing and before trial. After *Markman,* Unwired agreed to 30 claims and Google proposed 15. The court allowed Unwired to assert 40, which is more than either party considered reasonable. The parties both agreed that prior to trial, Unwired's asserted claims should be reduced to 15. However, the court allowed Unwired a total of 18 claims to be asserted at trial. Thus, in attempting to navigate through the parties' briefs and the Federal Circuit Advisory Council's proposed order, this court erred and increased the number of Unwired's asserted claims beyond what the parties requested and beyond what is reasonable and manageable for trial.

Therefore, the court adopts Google's proposal and now orders that Unwired reduce its asserted claims to 30 after *Markman* and to 15 before trial.

### B. *Prior Art Defenses and Prior Art References*

As Google explained in its motion, there are many grounds on which a patent claim may be deemed invalid. Two defenses are based on "prior art," which is the earlier knowledge of

---

[1]The parties are encouraged to assume that the court is not fluent in patent language or patent law. The court makes this confession in hopes that the parties will explain *clearly* and *simply* those patent principles, which may be obvious to them, but not to the court. The court also encourages the parties to offer concrete examples, such as the ubiquitous Volkswagen, to aid the court in understanding patent law.

6

others (#150 at 5:14-17). The first prior art defense concerns the situation in which what is claimed as patentable has already been "discovered" by someone else. *Id.* at 5:17-19. A patent claim is invalid if it is "anticipated," which is to say that it is not novel because someone else made or knew about what the inventor claims to have invented. 35 U.S.C. § 102. For a patent claim to be anticipated, all elements of the claim must be disclosed in a *single* prior art reference. *Apple, Inc. v. International Trade Com'n,* 725 F.3d 1356, 1366 at *4 (Fed. Cir. 2013).

A patent claim may also be invalid if it is obvious, which means that, although a patent claim is technically novel because no one had done exactly the same thing before, it "could readily be deduced from publicly available material" and so does not advance the state of the art in an inventive way beyond what is within the grasp of those in the relevant field. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 150 (1989). Unlike anticipation, in which a *single* prior art reference contains every element of the patent claim, obviousness may require "a court to look to interrelated teachings of multiple patents" to decide whether a patent claim is invalid as obvious. *KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 418 (2007). This means that obviousness may be based on a combination of two or more prior art references, and it often is. *See, e.g., Leapfrog Enters, Inc. v. Fisher-Price, Inc.,* 485 F.3d 1157, 1160-61 (Fed. Cir. 2007) (affirming finding of obviousness based on a prior patent, a previously available product, and the knowledge that a person of ordinary skill in the art would have).

Google acknowledges that notwithstanding its due process concerns, the court intends to impose limits on the number of prior art references Google may raise in its defense. This is correct. However, Google has made a persuasive argument that if the court's order stands, and Google is limited to 40 references to respond to 40 claims just after claim construction, and to 20 references to respond to 18 claims to be asserted before trial, this will have the effect of limiting Google to one reference per claim. As Google explains:

> While it may be the case that Google will be able to use a single reference to demonstrate the invalidity of more than one patent claim, it may not be able to do so. Each claim is supposed to be patentably distinct, and it is not unreasonable to expect that each claim will require proof of separate and distinct prior art to prove

> that it is obvious. It is true that multiple claims *within the same patent* will *sometimes* rise or fall together, when the claims are all dependent on the same independent claim. (Citation omitted). As between claims of different patents, however, there would be no reason to expect that the relevant prior art will overlap – particularly when different patents cover very different technologies, as is largely true of the ten patents at issue in this case. Moreover, there is no guarantee that Unwired will assert multiple claims that share a dependency relationship, and even if it does, there is no guarantee that the validity of such claims will rise or fall together. Also, even as to claims that do rise or fall together, obviousness proof usually requires combinations, as noted earlier, and a limit of one reference per claim will prevent Google from even the opportunity to present such combinations.

(#150 at 8:19-28; 9:1-8) (emphasis in the original).

Having considered the parties' arguments, the court disagrees with Unwired that the limitations on prior art are a "fair compromise between the parties' positions at this time" (#166 at 5:19-20). The number of prior art references that Google will be allowed to raise as part of its invalidity defense is a function of the number of claims that Unwired will be allowed to assert against Google. The court adopts Google's proposal as follows:

1) After issuance of the claim construction order, Google may rely on 15 prior art references per independent claim and 18 references per dependent claim; and

2) Prior to trial, Google may rely on 5 references per independent claim and 8 references per dependent claim before trial.

**IV.   Conclusion**

Based upon the foregoing, the motion of Google for clarification or for reconsideration of its order re: reduction of claims and prior art references (#150) is **GRANTED.**

The court modifies its prior order (#147) as follows:

1. Unwired will reduce its asserted claims to 30 after the *Markman* hearing and to 15 before trial;

2. After issuance of the *Markman* order, Google may rely on 15 prior art references per independent claim and 18 references per dependent claim; and

3. Prior to trial, Google may rely on 5 references per independent claim and 8 references per dependent claim.

DATED: October 10, 2013

*Valerie P. Cooke*

VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE