UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNWIRED PLANET LLC,<br><br>      Plaintiff,<br>v.<br>GOOGLE INC.,<br><br>      Defendant, | Case No. 3:12-cv-00504-MMD-VPC<br><br>ORDER<br><br>(Def.'s Motion for Reconsideration<br>– dkt. no. 202;<br>Def.'s Motion for Partial Stay<br>– dkt. no. 205) |

## I. SUMMARY

Before the Court is Defendant Google Inc.'s ("Google") Motion for Reconsideration of Order Denying Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (dkt. no. 202), and Google's Motion for Partial Stay of Discovery and Case Management Deadlines Pending Covered Business Method and *Inter Partes* Review by the U.S. Patent and Trademark Office of U.S. Patent Nos. 7,024,205, 7,203,752, and 7,463,151 (dkt. no. 205). For the reasons set forth below, the Motion for Reconsideration is denied and the Motion for Partial Stay is granted. The parties' motions to seal (dkt. nos. 199, 204, 208, 213) are granted.

## II. BACKGROUND

### A. Facts

Plaintiff Unwired Planet brings suit under 35 U.S.C. § 271, alleging that Google has infringed upon ten (10) patents (United States Letters Patent Nos. 6,292,657;

6,654,786; 6,662,016; 6,684,087; 6,895,240; 6,944,760; 7,024,205; 7,035,647; 7,203,752; 7,463,151). (*See* dkt. no. 1 at 5-7.)

Unwired Planet describes itself as a pioneer of the mobile internet.[1] (*See* dkt. no. 1 at 3.) Since its inception in 1994, Unwired Planet had been headquartered in the Northern District of California. (*See* dkt. no. 33 at 3.) On September 13, 2012, six days before this lawsuit was filed, Unwired Planet, Inc. formed a limited liability company, Unwired Planet LLC, in Nevada. (*See id.* at 4.) On September 19, 2012, the same day that Unwired Planet filed this litigation, Unwired Planet announced that it planned to move its headquarters to Reno, Nevada. (*Id.*)

Unwired Planet asserts that it was motivated to move its headquarters to Reno for primarily financial reasons. (*See* dkt. no. 40 at 2-3.) Unwired Planet states that its profits slowly eroded as competitors entered the market and thus it sold some of its product divisions to other companies. (*See id.* at 2.) The surviving Unwired Planet entity retained the company's patent portfolio "for the sole purpose of licensing its ground-breaking inventions to the infringing companies that now dominate the marketplace." (*Id.*) Since its move, Unwired Planet has established a permanent headquarters in Reno and has created seven new positions for Reno residents, representing 70% of the total company's employees. (*See id.* at 4-5.) Its newly-hired Chief Financial Officer and Chief Administrative Officer is a long-time Reno resident who works out of the new Reno headquarters. (*See id.* at 4.) Unwired Planet states that it is operated from Reno on a day-to-day basis. (*See id.* at 5.)

Google makes, uses, imports, sells and offers for sale various systems and services, servers, and mobile devices. (*See* dkt. no. 1 at 3.) Google is headquartered in the Northern District of California. (*See* dkt. no. 33 at 2.) Google does not have offices, data centers, or full-time employees within the State of Nevada. (*See id.* at 2–3.)

---

[1] Unwired Planet has had a number of names, but it is the current owner of all patents-in-suit. (*See* dkt no. 40 at 1.)

2

### B. Procedure

Unwired Planet filed its Complaint on September 19, 2012. (Dkt. no. 1.) Google answered and asserted counterclaims. (Dkt. no. 28.) Google subsequently filed its Motion to Transfer, seeking to transfer venue to the Northern District of California. The Court denied Google's Motion to Transfer on August 19, 2013 ("Order") (dkt. no. 135), and Google filed its Motion for Reconsideration on October 25, 2013, and its Motion for Partial Stay on October 29, 2013.

While the Court is granting the parties' motions to file the Motion for Reconsideration, Response, and Reply under seal, as well as Google's exhibits in support of its Motion for Partial Stay, the Court must balance the parties' interest in protecting trade secrets with the need for transparency in proceedings before the Court. As this Order is not sealed, the Court will cite to the unsealed versions of the parties' briefs and will strive not to reference information that the Court agrees should remain sealed.

### III. MOTION FOR RECONSIDERATION

### A. Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

**B.    Analysis**

    **1.    Plaintiff's Choice of Forum (Factor 2)**

Google argues that this Court's weighing of Plaintiff's choice of forum was clear error. As the Court stated in its Order, while Plaintiff's choice of forum is typically given substantial deference, "its consideration is tempered by the fact that the center of activity in the case occurred outside of the selected forum." (Dkt. no. 135 at 5.) The Court does not find that the case law suggests a court should give no deference to Plaintiff's choice of forum, but instead that its weight should be tempered. While Google disagrees with the Court's conclusion, its' weighing of Plaintiff's choice of forum is

///

consistent with the case law that Google cites. As a result, the Court declines to reconsider its finding that "this factor weighs slightly against transfer." (*Id.*)

## 2. Availability of Compulsory Process (Factor 5)

In its original order, this Court held that "Google has failed to demonstrate that the potential witnesses it lists are unwilling to travel and that their testimony will be essential at trial." (Dkt. no. 135 at 8.) Following the Court's Order, Google "has sought to contact the named inventors of the Patents-in-Suit who live in California to determine their willingness to voluntarily travel to Reno for trial." (Dkt. no. 202 at 4.) As a result of these contacts, Google determined that a couple of named investors, namely Mark A. Fox and Neil J. Cormia, would be unlikely to voluntarily travel to Reno for trial. Additionally, Google states that it learned through a deposition transcript from a prior patent case, produced through discovery in this case, that Alain Rossmann would be unlikely to appear at trial absent a subpoena power. Google states that Mr. Rossmann was not a named inventor on any of the patents at issue in this case, but was a named inventor of a number of Unwired Planet's earliest patents and thus a key witness regarding Unwired Planet's claim that it is a pioneer of the mobile internet. (*See* dkt. no. 202 at 5.)

As Google acknowledges, the evidence regarding the named inventors of the Patents-in-Suit that it presents in its Motion for Reconsideration was sought as a result of this Court's order. In a motion for reconsideration, it is not sufficient for the moving party to demonstrate that it has discovered new evidence. A motion for reconsideration is not a party's opportunity to make arguments or present facts that it could reasonably have asserted in its original motion. A party must show that any "new evidence" presented could not have been discovered sooner through the exercise of reasonable diligence. *See, e.g., Far Out Prods. v. Oskar*, 247 F.3d 986, 997-98 (9th Cir. 2001). As a

///

///

///

result, the Court declines to give weight to Google's evidence regarding the named inventors of Patents-in-Suit.[2]

The evidence regarding Alain Rossmann, produced through discovery following briefing on the Motion to Transfer Venue, is not sufficiently compelling for the Court to reconsider this factor. Evidence that a single individual may not be willing to travel, based on a deposition transcript from a different case, does not overcome the high burden on a motion for reconsideration.

### 3. Location of Relevant Agreements (Factor 8)

In the Court's previous order it did not consider where relevant agreements were negotiated and executed as neither party alleged any relevant facts. (*See* dkt. no. 135 at 10.) In its Motion for Reconsideration, Google states that it learned through discovery that several licenses to the Patents-in-Suit were executed when Unwired Planet was based in the Northern District of California. (*See* dkt. no. 202 at 8.)

The Court agrees with Unwired Planet that Google has failed to explain why the location of the agreements it references is relevant to the claims in this case. Courts are influenced by the location of relevant agreements when there is an issue in the case that is directly affected by the relevant agreements, such as a contract dispute. *See, e.g., Schadler Kramer Group, LLC v. Fixtures Living, Inc.*, No. 2:11-774, 2011 WL 4074671, at *6 (D. Nev. Sept. 13, 2011); *Icon Health & Fitness, Inc. v. Calderon*, No. 12-2029, 2013 WL 1289264, at *2 (S.D. Cal. Mar. 27, 2013). While Google argues that the patent licenses can be probative of a damages analysis, the location of where the agreement was executed and negotiated is not relevant to such analysis. However, even if the Court were to find the location of the agreements Google references to be relevant, Google's Motion omits facts necessary to conclude that the agreements were

///

---

[2] The Court notes that even if it were to weigh this evidence, Google only provides information regarding two named inventors and in both cases only argues that travel is "unlikely." (Dkt. no. 202 at 4-5.)

in fact negotiated and executed in the Northern District of California. The Court therefore does not find that this factor weighs in favor of transfer.[3]

### 4. The Interests of Justice (Factor 9)

The Court previously found that the interests of justice do not favor transfer. Google presents its same arguments in favor of transfer and simply concludes that the Court's determination was plain error. The only new fact that Google introduces is that Judge Jones, in a separate case with the same parties, granted Google's Motion to Transfer, and argues, without citing any supportive case law, that "'[s]ystemic integrity and fairness' should include consistency of outcomes under virtually identical facts." (Dkt. no. 202 at 13.) Another judge's decision in a separate case is not sufficient for this Court to reconsider its determination that the interests of justice weigh against transfer.

## IV. MOTION FOR PARTIAL STAY

Google has filed administrative proceedings requesting that the U.S. Patent and Trademark office ("PTO") reexamine whether it should have issued the claims at issue in three (3) of Unwired Planet's asserted patents: 7,024,205 ("'205"), 7,203,752 ("'752"), and 7,463,151 ("'151). Google has requested two types of review: (1) covered business method ("CBM") review; and (2) *inter partes* review. Pending the PTO's adjudication, Google asks this Court to grant a partial stay of discovery and case management deadlines relating to the '205, '752, and '151 patents.

### A. Legal Standard

Reexamination is a procedure that allows the PTO to reconsider the validity of an existing patent. 35 U.S.C. §§ 301, *et seq*. Reexamination of patent validity in the PTO is a "useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." H.Rep. No. 96-1307(I), at 4. As the Federal Circuit has explained, "[o]ne purpose of the

---

[3] However, the Court notes that even if it were to reconsider this factor, all factors balanced together would still weigh against transfer.

reexamination procedure is to eliminate trial of that issue . . . or to facilitate trial of that issue. . . ." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). "Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007).

"[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. "Although the commencement of reexamination proceedings does not operate as an automatic stay of federal court litigation involving identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the outcome of reexamination proceedings before the PTO." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011).

### B.  CBM Review

The Leahy-Smith America Invests Act ("AIA") established a four-factor test for courts considering whether to stay a patent-infringement lawsuit pending CBM review. A court shall consider: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA, Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331

(2011). Unwired Planet has suggested that there is a threshold question regarding whether the Motion for Partial Stay is ripe for review given that the PTO has not yet granted Google's petition. (*See* dkt. no 211 at 2–5.) While the Court does not find that this is a threshold issue, it can be considered in reviewing each of the four factors. Given, however, the probability that the claims will be heard[4], the Court does not find the fact that the petition has not yet been granted to weigh heavily against a stay.

### 1.  Simplification of the Issues

Where the PTO grants reexamination to reconsider the prior art of a patent, "any review of prior art that the Court may conduct will be enhanced by the PTO's expert opinion." *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 994 (D. Ariz. 2007); *see also In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation, an auxiliary function [of reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration."). Google argues that because it is seeking review of every claim from the '205, '752 and '151 patents, comprising approximately half of the accused products, the adjudication of these issues by the PTO would significantly simplify this case. If any claim is canceled, it will be dismissed from the case, and if any claim is confirmed, the preclusive effects of PTO review will prevent Google from raising certain defenses. *See* 35 U.S.C. § 315(e)(2); AIA § 18(a)(1)(D), 125 Stat. at 330.

While this basic argument is compelling, it need not carry the day with respect to this factor, for "[a] stay will always simplify the issues in the litigation to some extent." *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005). Google argues, however, that the facts of this case make a stay particularly appropriate because the three patents for which it seeks PTO reexamination are sufficiently different from the remaining patents at issue in the case such that adjudicating all ten together is

---

[4] Google states that the PTO has agreed to CBM review approximately 80% of the time and *inter partes* review approximately 88% of the time. (*See* dkt. no. 205 at 5-6.)

not necessarily more efficient. Google argues that the three patents for which it seeks review do not have inventors in common with the other seven patents, they do not cover the same inventions, and are primarily asserted against Google products not accused of infringing on the other seven patents. (*See* dkt. no. 216 at 5.) Unwired Planet does not oppose Google's characterization regarding the differences between the three patents for which it seeks reexamination from the remaining seven. While the litigation is still in an early stage, the Court concludes that a stay pending PTO review of the '205, '752, and '151 patents will be efficient in this case and simplify the issues before this Court.

### 2. Discovery and Trial Date

In considering this factor, the Court notes that "[t]he early stage of a litigation weighs in favor of granting a stay pending reexamination." *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). While the parties have already brought several disputes before the Court, the case remains in an early stage. Fact discovery has begun, but it will not be complete until May 2014, the *Markman* hearing will not occur before July 2014, the pretrial settlement conference is scheduled for February 2015, and no trial date has been set. The current posture of the case, therefore, weighs in favor of granting a stay. *See, e.g., Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 853 (S.D. Tex. 2009) (procedural posture favored a stay where the case was young, no trial date had been set, and no scheduling order was issued); *ESN, LLC v. CISCO Systems, Inc.*, No. 5:08-cv-20, 2008 WL 6722763, at *5 (E.D. Tex. Nov. 20, 2008) (holding that the stage of litigation factor weighed in favor of a stay even though 20,000 pages of documents had been produced and claim construction hearing and trial dates had been set); *Spread Spectrum Screening LLC*, 277 F.R.D. at 89 (while discovery was undertaken, that no *Markman* hearing and trial was scheduled counseled for granting a stay).

### 3. Undue Prejudice

A stay will, by definition, delay the adjudication in federal court of the claims relating to the '205, '752, at '151 patents. While Unwired Planet expressed

understandable concern about Google's request that the PTO conduct the CBM and *inter partes* review consecutively, increasing the potential delay from two years to four years, the PTO denied this request. (*See* dkt. no. 216 at 1.) The delay, while still significant, is therefore standard for PTO review and not sufficient alone to demonstrate undue prejudice. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011). Additionally, there is no dispute that Unwired Planet does not practice the patents at issue nor has it yet sought an injunction, facts which weigh in favor of granting a stay. *See e.g., Visual Interactive Phone Concepts, Inc. v. Samsung Telecomms. Am., LLC*, No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28, 2012) (granting motion to stay in part because plaintiff did not practice patent and did not seek an injunction); *Round Rock Research LLC v. Dole Food Co. Inc.*, No. 11-1241, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (same). The Court further finds that the parties do not directly compete against each other, which lessens the risk of prejudice to the non-moving party. *See, e.g., Tesco Corp.*, 599 F. Supp. 2d at 851 ("Where the parties are direct competitors, a stay would likely prejudice the non-movant.").

Accordingly, the Court holds that while the delay may be inconvenient, no viable threat of prejudice toward Unwired Planet exists should a stay issue.

### 4. Burden of Litigation

Google's unopposed characterization of the three patents at issue in its petition for reexamination as significantly different from the seven remaining patents, leads the Court to conclude that it is unlikely that its simultaneous adjudication of all claims will be necessarily more efficient. *See supra* Part IV.B.1. Consequently, the PTO's review of the '205, '752, and '151 patents will necessarily remove at least some of the issues in this case, without adding the burden of duplicative litigation. The Court therefore finds that a stay would decrease the burden on both the parties and the Court.

///

///

### 5. Assessment of All Factors

After careful consideration of the relevant factors, each of which weighs in favor of granting a stay, the Court finds that the interests of justice are best served by the issuance of a stay pending CBM review.

### C. *Inter Partes* Review

While there is no statute that explicitly governs motions for stay pending *inter partes* review, the District of Nevada Local Rules provide a four-part test that mirrors the first three factors of the AIA four-factor test. The Local Rules provide that a Court considering a stay of litigation shall consider, without limitation: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set." LR 16.1-20. As a result, the Court reaches the same conclusion as it did regarding CBM review and grants the stay pending *inter partes* review.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions.

It is therefore ordered that Defendant's Motion for Reconsideration of Order Denying Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (dkt. no. 202) is denied.

It is further ordered that Defendant's Motion for Partial Stay of Discovery and Case Management Deadlines Pending Covered Business Method and *Inter Partes* Review by the U.S. Patent and Trademark Office of U.S. Patent Nos. 7,024,205, 7,203,752, and 7,463,151 (dkt. no. 205) is granted.

It is further ordered that Defendant Google shall file a status report every ninety (90) days to update the Court on the reexamination proceedings and to provide notice

to the Court when the reexamination proceedings conclude and the PTO issues its decision in the reexamination request. The parties are then to confer and submit a joint status report to the Court.

It is further ordered that Defendant's Motion for Leave to File Under Seal Motion for Reconsideration and Exhibits Thereto (dkt. no. 199), Motion for Leave to File Under Seal Exhibits to Motion for Partial Stay of Discovery (dkt. no. 204), and Motion for Leave to File Under Seal Reply in Support of Motion for Reconsideration and Exhibits Thereto (dkt. no. 213), are granted.

It is further ordered that Plaintiff's Motion to Seal Unwired Planet LLC's Response to Google Inc.'s Motion for Reconsideration of Order Denying Motion to Transfer Venue (dkt. no. 208), is granted.

DATED THIS 27th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE