Case 3:12-cv-00504-MMD-VPC   Document 254-1   Filed 03/24/14   Page 2 of 8

John P. Desmond (Nevada Bar No. 5618)
jdesmond@gordonsilver.com
GORDON SILVER
100 West Liberty Street, Suite 940
Reno, Nevada 89501
Telephone: (775) 343-7500
Facsimile: (775) 786-0131

Gregory P. Stone (admitted pro hac vice)
gregory.stone@mto.com
Peter E. Gratzinger (admitted pro hac vice)
peter.gratzinger@mto.com
Adam R. Lawton (admitted pro hac vice)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Peter A. Detre (admitted pro hac vice)
peter.detre@mto.com
Eric K. Chiu (admitted pro hac vice)
eric.chiu@mto.com
Tina W. Arroyo (admitted pro hac vice)
tina.arroyo@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendant
GOOGLE INC.

FILED / ENTERED
MAR 27 2014
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Unwired Planet LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:12-cv-504-MMD-VPC<br><br>**LETTER OF REQUEST FOR KEVIN BUCKHAM** |

22913685

- 1 -

1   United States District Court for the District of Nevada to the Appropriate Judicial
2   Authority in British Columbia, Canada, Greetings:
3   The above-entitled suit is pending in the United States District Court for the District of
4   Nevada. I have reviewed the Application for the Issuance of a Letter of Request to Canada filed
5   by Defendant Google Inc. ("Google") in this case. It is found by this Court to be necessary for
6   the purposes of justice and for the preservation of testimony at trial that the following person who
7   is a witness to the issues in the underlying litigation, and now residing in your jurisdiction, should
8   be examined under oath and produce documents with respect to these matters: Mr. Kevin
9   Buckham.
10   Google, the party noticing this deposition, has assured this Court that they will pay the
11   usual service fees and witness fees in accordance with your civil rules of procedure, if any are
12   required, for the time spent by the above-listed witness in giving his testimony. Google has
13   further assured this Court that it will reimburse the judicial authorities in Canada for the costs
14   incurred in executing the Letter of Request.
15   It is therefore respectfully requested that you assist this Court by making an Order and/or
16   issuing a subpoena requiring Mr. Kevin Buckham to provide documents and to appear and
17   provide documents and testimony under oath, in the presence of the attorneys for the witness
18   (should the witness have an attorney) and of the parties to this action on or before May 15, 2014,
19   at such place as you shall appoint, to allow Google to comply with the Court's May 30, 2014 fact
20   discovery deadline.
21   It is further requested that you permit the attorney of any party present to examine and
22   cross-examine the witness in accordance with the United States Federal Rules of Civil Procedure
23   or any other applicable rules of court.
24   This request is made in accordance with Federal Rule of Civil Procedure 28(b), 28 U.S.C.
25   § 178(b)(2), and the Court's inherent authority. *See* 28 U.S.C. § 178(b)(2), Ex. 1.
26   The United States District Court for the District of Nevada has determined that it has
27   jurisdiction over the subject matter of this case, and is a competent court of law and equity with
28

1  the powers to compel the attendance of witnesses and the production of documents by
2  corporations and individuals within its jurisdiction.
3  The United States District Court for the District of Nevada could reciprocate by granting
4  enforcement of a Letter of Request of a Canadian Court.
5  The testimony of the witness may be used at the trial of this action, and may assist this
6  Court to render full and complete justice between the parties.

### Defendant Google's Allegations

The following statement is Defendant Google's view of the case. Plaintiff Unwired Planet LLC ("Unwired") does not stipulate to the following points and the Court does not adopt these points as findings of fact or law, or in any way sanction, approve, or adopt the views set forth below. Instead, these are contested issues to be resolved at trial.

### Statement of Defendant Google:

Plaintiff Unwired initiated this action against Defendant Google in the United States District Court for the District of Nevada (the "Nevada Action"), alleging that Google infringes ten U.S. patents, including U.S. Patent No. 6,662,016 ("the '016 patent"). *See* Unwired's Complaint, Ex. 2. The claims of the '016 patent are directed to methods for providing the location of mobile devices and displaying those locations within a map. *See* '016 patent, Ex. 3. The '016 patent lists three named inventors: Kevin Buckham, Tony Melli, and James Fitch. Mr. Fitch is a resident of Edmonds, Washington in the United States. *See* Fitch Dep. Tr. at 259:14, Ex. 4.[1] Messrs. Buckham and Melli are residents of Victoria, Canada. Mr. Buckham lives at 2574 Crystalview Drive in Victoria, British Columbia. *See* Land Title Office Search for Mr. Buckham, Ex. 5.

Google has raised several defenses in the Nevada Action in response to Unwired's claims of infringement of the '016 patent, including invalidity of the '016 patent. *See* Google's Answer, Ex. 7. Invalidity of a patent is a complete defense to an allegation of patent infringement and, if successful, would dispose of Unwired's claim against Google with respect to the '016 patent.

---

[1] Mr. Fitch's deposition was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Unwired. By email dated March 18, 2014, counsel for Unwired agreed to de-designate pages 43-52, 58-63, and 259 of the deposition transcript so that they may be publicly filed.

22913685                                     - 3 -

    In accordance with U.S. patent law, a patent is invalid if the claimed invention was sold, offered for sale, or publicly used in the United States more than one year prior to the patent's filing date. See 35 U.S.C. § 102(b) (2006), Ex. 8.[2]  Thus, under the "on-sale bar," the '016 patent is invalid if its claimed methods were embodied in a product that was sold, or offered for sale, before May 5, 1999 (herein referred to as the "Critical Date").  *See Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1188 (Fed. Cir. 1993), Ex. 9.  Similarly, under the "public use bar," the '016 patent is invalid if the claimed invention was in public use before the Critical Date. *See Netscape Commc'n Corp. v. Konrad*, 295 F.3d 1315, 1320-21 (Fed. Cir. 2002), Ex. 10.  Thus, in order to develop and present evidence on this defense, Google seeks to obtain testimony and documents relevant to commercial implementations of the subject matter covered by the '016 patent prior to the Critical Date which would render the '016 patent invalid.

    The '016 patent is also invalid if more or less than the true inventors are named on the patent.  See *Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1381 (Fed. Cir. 2004), Ex. 11.  To be a true inventor, an individual must contribute in some significant way to the conception of the invention. *Id.*  Simply providing assistance in perfecting an invention is insufficient for inventorship. *Id.*  Thus, to fully evaluate inventorship of the '016 patent, Google seeks to obtain testimony and documents relevant to each inventor's (*i.e.*, Messrs. Buckham and Melli) contribution to the conception and reduction to practice of the invention claimed in the '016 patent.

    Defendant Google is seeking to depose all of the named inventors on the '016 patent (*i.e.* Messrs. Buckham, Melli and Fitch).  Counsel for Defendant Google deposed Mr. Fitch pursuant to a subpoena in Seattle, Washington, on March 6, 2014. *See* Fitch Dep. Tr. at 1.

**1. Google Believes That Kevin Buckham Has Information Relevant to This Case.**

    In its Initial Disclosure Statement, submitted in accordance with Federal Rule of Civil Procedure 26(a)(1), Plaintiff Unwired has identified Mr. Buckham as an individual "likely to have discoverable information that Unwired may use to support its claims or defenses in this action."

---

[2] The Leahy-Smith America Invents Act of 2011("AIA") amended 35 U.S.C. § 102.  The pre-AIA version of § 102(b) applies in this case.

1  *See* Unwired Planet LLC's Initial Disclosure Statement at 2, Ex. 12.  In particular, Unwired
2  identified Mr. Buckham as likely to have "[i]nformation regarding subject matter claimed in U.S.
3  Patent No. 6,662,016."  *Id.* at 3.
4       As discussed above, among other defenses, Google has asserted invalidity of the '016
5  patent as a defense in response to Unwired's patent infringement allegations.  Google has asserted
6  that Mr. Buckham has information relevant to that defense, particularly with respect to the on-sale
7  bar, the public use bar, and to each inventor's contribution to the conception and reduction to
8  practice of the invention claimed in the '016 patent.  The following represents Defendant
9  Google's view of Mr. Buckham's areas of knowledge, although Unwired does not concede these
10 points and this Court makes no findings at this time.
11      Mr. Buckham is the first named inventor on the '016 patent and has personal knowledge
12 relevant to his contributions to the '016 patent.
13      Mr. Buckham was also a co-founder of a company called BFound.com ("BFound") with
14 Mr. Melli in 1995.  *See* SignalSoft Press Release at 2 (Apr. 6, 2000), Ex. 13; Kevin Buckham:
15 Executive Profile, Ex. 14.  Mr. Buckham served as Vice President of Development at BFound.
16 Kevin Buckham: Executive Profile, Ex. 14.  BFound was described as "an innovator in the
17 rapidly growing marketplace for Internet location-based services" and specialized in integrating
18 wireless communications, geographic positioning technologies, and the Internet.  SignalSoft Press
19 Release at 2, Ex. 13.  In particular, BFound provided location support for wireless data
20 applications and automatic vehicle location systems.  *Id.*  BFound was acquired by SignalSoft
21 Corp. ("SignalSoft") in April 2000 and no longer exists as an independent entity.  *Id.*  In 2002,
22 SignalSoft was itself acquired by Openwave Systems, Inc., which in turn became Plaintiff
23 Unwired in 2012.  *See* PR Newswire Press Release (July 16, 2002) and The Deal Pipeline Press
24 Release (Apr. 16, 2012), Exs. 15 and 16.
25      On December 3, 2013, counsel for Google spoke with Mr. Buckham by telephone to
26 discuss his work with respect to the '016 patent.  Declaration of Eric K. Chiu ("Chiu Decl.") ¶ 2,
27 Ex. 17.  Mr. Buckham acknowledged that he is a named inventor on the '016 patent.  *Id.*  He also
28 stated that he worked for BFound prior to the Critical Date and that the '016 patent was based on

1  work that he and Mr. Melli performed at BFound. *Id.* Mr. Buckham described himself as
2  probably the best person to speak with regarding the technical aspects of the '016 patent since he
3  was the software lead at BFound. *Id.* Mr. Buckham therefore has personal knowledge relevant to
4  his contributions to the conception and reduction to practice of the invention claimed in the '016
5  patent.

6  Mr. Buckham also told counsel for Google that, during his tenure at BFound, BFound
7  marketed and sold a product that Mr. Buckham considers to be a commercial embodiment of the
8  invention claimed in the '016 patent. *See id.* A search of public documents indicates BFound
9  offered an Automated Vehicle Location service in the time period referenced by Mr. Buckham.
10 *See* SignalSoft Press Release at 2, Ex. 13. Mr. Buckham explained that he wrote computer code
11 for that product and may have documents relating to product demonstrations given by BFound.
12 Chiu Decl. ¶ 2. Mr. Buckham therefore has personal knowledge and documents relevant to the
13 commercial implementations of the invention claimed in the '016 patent by himself and/or by
14 BFound.

15 During a subsequent telephone conversation on January 29, 2014, Mr. Buckham stated
16 that he wanted to reach out to his attorney before deciding whether to speak further with counsel
17 for Google. *Id.* at ¶ 3. Counsel for Google has since left multiple voicemails for Mr. Buckham
18 asking him to call or provide contact information for his attorney, but Mr. Buckham has not
19 responded. *Id.* at ¶ 4. Counsel for Google last attempted to contact Mr. Buckham on March 11,
20 2014, but has received no response. *Id.*

21 Google therefore seeks to depose and obtain documents from Mr. Buckham, who is
22 anticipated to provide admissible testimony and documents regarding his contributions to the
23 conception and reduction to practice of the invention claimed in the '016 patent, which are
24 relevant to Google's invalidity defense. Mr. Buckham is also anticipated to provide admissible
25 testimony and documents regarding his knowledge of commercial embodiments of the '016
26 patent which are relevant to Google's invalidity defenses of on-sale bar and public use bar. Mr.
27 Buckham's testimony may be necessary for Google's defense at trial and may be used by Google
28 at trial if admissible.

1      Google served discovery requests on Unwired asking for production of documents relating to the conception and reduction to practice of the subject matter claimed by the '016 patent. *See* Unwired's Response to Google's First Request for Production No. 16, Ex. 18. Having reviewed Unwired's production, to Google's knowledge, Unwired has produced no BFound documents relating to the design or conception of any invention claimed in the '016 Patent. Furthermore, Mr. Fitch was never an employee of BFound; rather, he worked for SignalSoft. *See* Fitch Dep. Tr. at 49:13-16. Mr. Fitch testified that he did not know Mr. Buckham's and Mr. Melli's respective contributions to the '016 patent and did not know details regarding the functionality of BFound's products. *See id.* at 52:1-20, 62:17-63. Mr. Fitch testified that Mr. Buckham and Mr. Melli would be in a better position to know the details of the BFound product. *Id.* at 62:23-63:8. Because BFound was acquired by SignalSoft in 2000 and no longer exists as an independent entity, discovery is not available from BFound.

      Google asserts that the deposition and request for documents will not impose undue burden on Mr. Buckham and the evidence sought from this witness is not otherwise obtainable.

**End of Statement of Defendant Google**

      The Court therefore requests that in the interests of justice you cause by your proper and usual process, Mr. Buckham to appear and provide documents and testimony under oath, in the presence of the attorneys for the witness (should the witness have an attorney) and of the parties to this action on or before May 15, 2014, at such place as you shall appoint, to allow Google to comply with the Court's May 30, 2014 discovery deadline.

      The Court further requests that you cause the evidence of said witnesses to be recorded verbatim by a Court Reporter and recorded by video if and as permitted by applicable court rules, and that you authorize the Commissioner to authenticate the deposition taken on the examination.

Date: May 27, 2014

_____
Hon. Valerie P. Cooke
United States Magistrate Judge
District of Nevada

# EXHIBIT B

22914875

Letter of Request for Tony Melli, Case No. 12-cv-504-MMD-VPC

John P. Desmond (Nevada Bar No. 5618)
jdesmond@gordonsilver.com
GORDON SILVER
100 West Liberty Street, Suite 940
Reno, Nevada 89501
Telephone:     (775) 343-7500
Facsimile:      (775) 786-0131

Gregory P. Stone (admitted pro hac vice)
gregory.stone@mto.com
Peter E. Gratzinger (admitted pro hac vice)
peter.gratzinger@mto.com
Adam R. Lawton (admitted pro hac vice)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

Peter A. Detre (admitted pro hac vice)
peter.detre@mto.com
Eric K. Chiu (admitted pro hac vice)
eric.chiu@mto.com
Tina W. Arroyo (admitted pro hac vice)
tina.arroyo@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Unwired Planet LLC,<br><br>              Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>              Defendant. | Case No. 3:12-cv-504-MMD-VPC<br><br>**LETTER OF REQUEST FOR TONY MELLI** |
| AND RELATED COUNTERCLAIMS | |

22914875

- 1 -

1  United States District Court for the District of Nevada to the Appropriate Judicial
2  Authority in British Columbia, Canada, Greetings:
3  The above-entitled suit is pending in the United States District Court for the District of
4  Nevada. I have reviewed the Application for the Issuance of a Letter of Request to Canada filed
5  by Defendant Google Inc. ("Google") in this case. It is found by this Court to be necessary for
6  the purposes of justice and for the preservation of testimony at trial that the following person who
7  is a witness to the issues in the underlying litigation, and now residing in your jurisdiction, should
8  be examined under oath and produce documents with respect to these matters: Mr. Tony Melli.
9  Google, the party noticing this deposition, has assured this Court that they will pay the
10 usual service fees and witness fees in accordance with your civil rules of procedure, if any are
11 required, for the time spent by the above-listed witness in giving his testimony. Google has
12 further assured this Court that it will reimburse the judicial authorities in Canada for the costs
13 incurred in executing the Letter of Request.
14 It is therefore respectfully requested that you assist this Court by making an Order and/or
15 issuing a subpoena requiring Mr. Tony Melli to appear and provide documents and testimony
16 under oath, in the presence of the attorneys for the witness (should the witness have an attorney)
17 and of the parties to this action on or before May 15, 2014, at such place as you shall appoint, to
18 allow Google to comply with the Court's May 30, 2014 fact discovery deadline.
19 It is further requested that you permit the attorney of any party present to examine and
20 cross-examine the witness in accordance with the United States Federal Rules of Civil Procedure
21 or any other applicable rules of court.
22 This request is made in accordance with Federal Rule of Civil Procedure 28(b), 28 U.S.C.
23 § 178(b)(2), and the Court's inherent authority. *See* 28 U.S.C. § 178(b)(2), Ex. 1.
24 The United States District Court for the District of Nevada has determined that it has
25 jurisdiction over the subject matter of this case, and is a competent court of law and equity with
26 the powers to compel the attendance of witnesses and the production of documents by
27 corporations and individuals within its jurisdiction.
28

The United States District Court for the District of Nevada could reciprocate by granting enforcement of a Letter of Request of a Canadian Court.

The testimony of the witness may be used at the trial of this action, and may assist this Court to render full and complete justice between the parties.

### Defendant Google's Allegations

The following statement is Defendant Google's view of the case. Plaintiff Unwired Planet LLC ("Unwired") does not stipulate to the following points and the Court does not adopt these points as findings of fact or law, or in any way sanction, approve, or adopt the views set forth below. Instead, these are contested issues to be resolved at trial.

**Statement of Defendant Google:**

Plaintiff Unwired initiated this action against Defendant Google in the United States District Court for the District of Nevada (the "Nevada Action"), alleging that Google infringes ten U.S. patents, including U.S. Patent No. 6,662,016 ("the '016 patent"). *See* Unwired's Complaint, Ex. 2. The claims of the '016 patent are directed to methods for providing the location of mobile devices and displaying those locations within a map. *See* '016 patent, Ex. 3. The '016 patent lists three named inventors: Kevin Buckham, Tony Melli, and James Fitch. Mr. Fitch is a resident of Edmonds, Washington in the United States. *See* Fitch Dep. Tr. at 259:14, Ex. 4.[1] Messrs. Buckham and Melli are residents of Victoria, Canada. Mr. Melli lives at 1218 Faithful Street in Victoria, British Columbia. *See* Land Title Office Search for Mr. Melli, Ex. 6.

Google has raised several defenses in the Nevada Action in response to Unwired's claims of infringement of the '016 patent, including invalidity of the '016 patent. *See* Google's Answer, Ex. 7. Invalidity of a patent is a complete defense to an allegation of patent infringement and, if successful, would dispose of Unwired's claim against Google with respect to the '016 patent.

In accordance with U.S. patent law, a patent is invalid if the claimed invention was sold, offered for sale, or publicly used in the United States more than one year prior to the patent's

---

[1] Mr. Fitch's deposition was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Unwired. By email dated March 18, 2014, counsel for Unwired agreed to de-designate pages 43-52, 58-63, and 259 of the deposition transcript so that they may be publicly filed.

1  filing date. *See* 35 U.S.C. § 102(b) (2006), Ex. 8.[2] Thus, under the "on-sale bar," the '016 patent
2  is invalid if its claimed methods were embodied in a product that was sold, or offered for sale,
3  before May 5, 1999 (herein referred to as the "Critical Date"). *See Paragon Podiatry Lab., Inc. v.*
4  *KLM Labs., Inc.*, 984 F.2d 1182, 1188 (Fed. Cir. 1993), Ex. 9. Similarly, under the "public use
5  bar," the '016 patent is invalid if the claimed invention was in public use before the Critical Date.
6  *See Netscape Commc'n Corp. v. Konrad*, 295 F.3d 1315, 1320-21 (Fed. Cir. 2002), Ex. 10. Thus,
7  in order to develop and present evidence on this defense, Google seeks to obtain testimony and
8  documents relevant to commercial implementations of the subject matter covered by the '016
9  patent prior to the Critical Date which would render the '016 patent invalid.
10         The '016 patent is also invalid if more or less than the true inventors are named on the
11 patent. *See Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1381 (Fed. Cir.
12 2004), Ex. 11. To be a true inventor, an individual must contribute in some significant way to the
13 conception of the invention. *Id.* Simply providing assistance in perfecting an invention is
14 insufficient for inventorship. *Id.* Thus, to fully evaluate inventorship of the '016 patent, Google
15 seeks to obtain testimony and documents relevant to each inventor's (*i.e.*, Messrs. Buckham and
16 Melli) contribution to the conception and reduction to practice of the invention claimed in the
17 '016 patent.
18         Defendant Google is seeking to depose all of the named inventors on the '016 patent (*i.e.*
19 Messrs. Buckham, Melli and Fitch). Counsel for Defendant Google deposed Mr. Fitch pursuant
20 to a subpoena in Seattle, Washington, on March 6, 2014. *See* Fitch Dep. Tr. at 1.
21              **1. Google Believes That Tony Melli Has Information Relevant to This Case.**
22         In its Initial Disclosure Statement, submitted in accordance with Federal Rule of Civil
23 Procedure 26(a)(1), Plaintiff Unwired has identified Mr. Melli as an individual "likely to have
24 discoverable information that Unwired may use to support its claims or defenses in this action."
25 *See* Unwired Planet LLC's Initial Disclosure Statement at 2, Ex. 12. In particular, Unwired
26
27
28  [2] The Leahy-Smith America Invents Act of 2011("AIA") amended 35 U.S.C. § 102. The pre-AIA version of § 102(b) applies in this case.

1   identified Mr. Melli as likely to have "[i]nformation regarding subject matter claimed in [the '016
2   patent]." *Id.* at 3.
3         As discussed above, among other defenses, Google has asserted invalidity of the '016
4   patent as a defense in response to Unwired's patent infringement allegations. Google has asserted
5   that Mr. Melli has information relevant to that defense, particularly with respect to the on-sale
6   bar, the public use bar, and to each inventor's contribution to the conception and reduction to
7   practice of the invention claimed in the '016 patent. The following represents Defendant
8   Google's view of Mr. Melli's areas of knowledge, although Unwired does not concede these
9   points and this Court makes no findings at this time.
10         Mr. Melli is a named inventor on the '016 patent and has personal knowledge relevant to
11   his contributions to the '016 patent.
12         Mr. Melli was also a co-founder of a company called BFound.com ("BFound") with Mr.
13   Buckham in 1995. *See* SignalSoft Press Release at 2 (Apr. 6, 2000), Ex. 13; Kevin Buckham:
14   Executive Profile, Ex. 14. Mr. Melli served as the Chief Technology Officer of BFound. *See*
15   SignalSoft Press Release at 2, Ex. 13. BFound claimed to be "an innovator in the rapidly growing
16   marketplace for Internet location-based services" and specialized in integrating wireless
17   communications, geographic positioning technologies, and the Internet. *Id.* In particular,
18   BFound provided location support for wireless data applications and automatic vehicle location
19   systems. *Id.* BFound was acquired by SignalSoft Corp. ("SignalSoft") in April 2000 and no
20   longer exists as an independent entity. *Id.* In 2002, SignalSoft was itself acquired by Openwave
21   Systems, Inc., which in turn became Plaintiff Unwired in 2012. *See* PR Newswire Press Release
22   (July 16, 2002) and The Deal Pipeline Press Release (Apr. 16, 2012), Exs. 15 and 16.
23         On December 18, 2013, counsel for Google spoke with Mr. Melli by telephone.
24   Declaration of Eric K. Chiu ("Chiu Decl.") at ¶ 5, Ex. 17. Mr. Melli informed counsel for Google
25   that he worked for BFound prior to the Critical Date and that he wrote computer code and
26   developed product concepts and architecture that led to the inventions embodied in the '016
27   patent. *Id.* Mr. Melli also stated that he and Mr. Buckham started developing location tracking
28   systems about five years before they filed the '016 patent. *Id.* Mr. Melli therefore has personal

1  knowledge and documents relevant to: (1) his contributions to the conception and reduction to
2  practice of the invention claimed in the '016 patent; and (2) the commercial implementations of
3  the invention claimed in the '016 patent by himself and/or by BFound.
4      During the December 2013 conversation, counsel for Google also requested that Mr. Melli
5  voluntarily appear for a deposition and produce relevant documents in his possession. *Id.* Mr.
6  Melli indicated that he would be willing to do so. *Id.* Since that initial conversation, however,
7  counsel for Google has tried repeatedly to reach Mr. Melli again, to no avail. *Id.* at ¶ 6. Counsel
8  for Google has left multiple voicemails for Mr. Melli, but Mr. Melli has not responded. *Id.*
9  Counsel for Google last attempted to contact Mr. Melli on March 11, 2014, but has received no
10 response. *Id.*
11     Google therefore seeks to depose and obtain documents from Mr. Melli, who is
12 anticipated to provide admissible testimony and documents regarding his contributions to the
13 conception and reduction to practice of the invention claimed in the '016 patent, which are
14 relevant to Google's invalidity defense. Mr. Melli is also anticipated to provide admissible
15 testimony and documents regarding his knowledge of commercial embodiments of the '016
16 patent which are relevant to Google's invalidity defenses of on-sale bar and public use bar. Mr.
17 Melli's testimony may be necessary for Google's defense at trial and may be used by Google at
18 trial if admissible.
19     Google served discovery requests on Unwired asking for production of documents
20 "relating to the conception and reduction to practice" of the subject matter claimed by the '016
21 patent. *See* Unwired's Response to Google's First Request for Production No. 16, Ex. 18.
22 Having reviewed Unwired's production, to Google's knowledge, Unwired has produced no
23 BFound documents relating to the design or conception of any invention claimed in the '016
24 Patent. Furthermore, Mr. Fitch was never an employee of BFound; rather, he worked for
25 SignalSoft. *See* Fitch Dep. Tr. at 49:13-16. Mr. Fitch testified that he did not know Mr.
26 Buckham's and Mr. Melli's respective contributions to the '016 patent and did not know details
27 regarding the functionality of BFound's products. *See* Fitch Dep. Tr. at 52:1-20, 62:17-63. Mr.
28 Fitch testified that Mr. Buckham and Mr. Melli would be in a better position to know the details

22914875

- 6 -

1  of the BFound product. *Id.* at 62:23-63:8. Because BFound was acquired by SignalSoft in 2000
2  and no longer exists as an independent entity, discovery is not available from BFound.
3        Google asserts that the deposition and request for documents will not impose undue
4  burden on Mr. Melli and that the evidence sought from this witness is not otherwise obtainable.
5  **End of Statement of Defendant Google**
6        The Court therefore requests that in the interests of justice you cause by your proper and
7  usual process, Mr. Melli to appear and provide documents and testimony under oath, in the
8  presence of the attorneys for the witness (should the witness have an attorney) and of the parties
9  to this action on or before May 15, 2014, at such place as you shall appoint, to allow Google to
10 comply with the Court's May 30, 2014 discovery deadline.
11       The Court further requests that you cause the evidence of said witnesses to be recorded
12 verbatim by a Court Reporter and recorded by video if and as permitted by applicable court rules,
13 and that you authorize the Commissioner to authenticate the deposition taken on the examination.

Date: March 27, 2014

_____
Hon. Valerie P. Cooke
United States Magistrate Judge
District of Nevada