UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNWIRED PLANET LLC,<br><br>                  Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>                  Defendant, | Case No. 3:12-cv-00504-MMD-VPC<br><br>ORDER<br><br>(Def.'s Motion for Appointment of Technical Advisor – dkt. no. 228) |

## I.  SUMMARY

Before the Court is Google Inc.'s ("Google") Motion for Appointment of Technical Advisor (dkt. no. 228). Google first proposed appointment of a technical advisor in its Case Management Conference statement filed on December 13, 3013. (Dkt. no. 223 at 6-7.) Google filed the instant motion after Unwired Planet LLC ("Unwired Planet") informed Google that it is opposed to appointment. (*See* dkt. no. 228 at 1.) For the reasons set forth below, the Motion for Appointment of Technical Advisor is granted in part and denied in part.

## II.  DISCUSSION

The Ninth Circuit has found that a district court may appoint a technical advisor "[i]n those rare cases in which outside technical expertise would be helpful." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 590 (9th Cir. 2000). This practice has been upheld by the Federal Circuit, finding that appointment of a technical

advisor falls within the district court's inherent authority, but should only be used "sparingly and then only in exceptionally technically complicated cases." *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1378 (Fed. Cir. 2002).

The instant case is such an exceptional case. Unwired Planet's complaint alleges claims against ten patents covering the operation of source code in many complex software products. As a result, the Court finds that "outside technical expertise [will] be helpful." *See Federal Trade Commission v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004).

To facilitate the Court's selection of a technical advisor, the parties are instructed to jointly propose three available and willing candidates to the Court, including the candidates' qualifications or resumes. Should the parties be unable to agree on candidates, each party may separately propose two available and willing candidates. The Court will then review the parties' selections and choose a technical advisor. Once appointed, the technical advisor's costs shall be shared equally between the parties.

Finally, upon appointment, the Court will put in place procedural safeguards. *See, e.g., Ass'n of Mexican-Am. Educators*, 231 F.3d at 611 (Tashima, J., dissenting); *TechSearch*, 286 F.3d at 1378–79; *Enforma*, 362 F.3d at 1214. The parties are instructed to jointly propose procedural safeguards in the same document proposing technical advisor candidates. To the extent that a party seeks a safeguard not agreed to by the other party, the parties are instructed to list each opposed safeguard and the opposing party's reasons for the objection.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

///

///

It is therefore ordered that Defendant's Motion for Appointment of Technical Advisor (dkt. no. 228) is granted in part and denied in part. The parties are instructed to submit one joint filing to the Court within thirty (30) days providing the following:

1. A jointly agreed to list of three available and willing technical advisor candidates that includes their qualifications or resumes. If the parties cannot agree on candidates, each party may separately propose two available and willing candidates (totaling four candidates).

2. Joint proposed procedural safeguards governing the technical advisor. If the parties cannot agree on particular safeguards, the parties are instructed to list each opposed safeguard and the opposing party's reasons for objecting.

DATED THIS 30th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE