John P. Desmond (Nevada Bar No. 5618)
jdesmond@gordonsilver.com
GORDON SILVER
100 West Liberty Street, Suite 940
Reno, Nevada  89501
Telephone:     (775) 343-7500
Facsimile:     (775) 786-0131

Gregory P. Stone (admitted pro hac vice)
gregory.stone@mto.com
Peter E. Gratzinger (admitted pro hac vice)
peter.gratzinger@mto.com
Adam R. Lawton (admitted pro hac vice)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Peter A. Detre (admitted pro hac vice)
peter.detre@mto.com
Eric K. Chiu (admitted pro hac vice)
eric.chiu@mto.com
Amy L. Greywitt (admitted pro hac vice)
amy.greywitt@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA  94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendant
GOOGLE INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Unwired Planet LLC, | Case No. 3:12-cv-504-MMD-VPC |
| Plaintiff, | **GOOGLE'S OPPOSITION TO UNWIRED PLANET'S MOTION TO TAKE CERTAIN DEPOSITIONS DURING EXPERT DISCOVERY AND EXTEND FACT DISCOVERY FOR CERTAIN THIRD PARTY SUBPOENAS** |
| vs. | |
| Google Inc., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

## I. INTRODUCTION

Unwired's motion seeks to take the depositions of certain fact witnesses knowledgeable about prior art to the patents-in-suit during the expert discovery period on the ground that Google refused to allow those witnesses to testify to privileged communications with Google's attorneys regarding that prior art. Unwired's motion is without merit because Unwired was in no way prevented from inquiring about the prior art itself, as opposed to privileged communications about that art.

Unwired also seeks leave to conduct certain third-party discovery after the discovery cutoff. Unwired has, however, failed to make the required showing that it acted with diligence in pursuing that discovery. Consequently, the discovery cutoff should be enforced as to the third-party subpoenas at issue.

## II. ARGUMENT

### A. Unwired May Not Depose Fact Witnesses During the Expert Discovery Period

Unwired Planet seeks leave to take the depositions of three witnesses with knowledge of certain prior art during the expert discovery period.[1] The motion, however, is based on the false proposition that Unwired was prevented by Google from questioning these witnesses regarding that knowledge during the fact discovery period. *See*, *e.g.*, Motion at 1 (asserting that Google "preclud[ed] Unwired Planet from learning fundamental facts regarding the prior art"). Contrary to Unwired's argument, Unwired was free to question the witnesses at issue regarding any aspect of the prior art that it wished; Google only prevented Unwired from inquiring about *communications with Google's attorneys* regarding that prior art because those communications were protected by the attorney-client privilege and/or attorney work-product doctrine.

Unwired cites Google's assertions of privilege at Mr. van der Rijn's deposition as somehow entitling it to retake that deposition and to depose the other two fact witnesses at issue

---

[1] Unwired incorrectly asserts that the three witnesses at issue, Mr. van der Rijn, Mr. Harrenstien, and Mr. Newton, have knowledge of the prior art RadioMail service. In fact, only Mr. Newton has knowledge of RadioMail. Mr. van der Rijn and Mr. Harrenstien, both former Oracle employees, are knowledgeable regarding a prior art Oracle product called Oracle Mobile Agents, as well as certain prior art patents.

1  during the expert discovery period.  Motion at 2.  Google's assertions of privilege, however, were
2  made only with respect to questions that called for information regarding the prior art that Mr. van
3  der Rijn provided to Google, because those communications involved Google's attorneys.  *See*
4  Declaration of Kevin M. Kneupper in Support of Unwired's Motion ("Kneupper Decl."), Ex. B at
5  68:8-16 (Google counsel objecting to question calling for information that Mr. van der Rijn
6  provided to Google).  Other than with respect to questions directly seeking attorney-client
7  communications and attorney work-product, Google did not assert privilege or instruct Mr. van
8  der Rijn not to answer.  To the contrary, Mr. van der Rijn was permitted to answer, and did
9  answer, questions directed to the prior art itself as opposed to communications with Google's
10 attorneys regarding that prior art.  Indeed, immediately following the questions regarding
11 information provided to Google, Unwired's attorney asked questions regarding the prior art Oracle
12 Mobile Agents product itself and received answers.  *Id.* at 69:14-24.
13          Google's assertions of privilege at Mr. van der Rijn's deposition were entirely
14 routine and appropriate.  For example, Google will likely rely at trial on the testimony of its
15 engineers regarding the operation of the accused products and Google's experts may also rely on
16 those engineers for relevant information regarding the products.  As was its right, Unwired has
17 deposed numerous Google engineers regarding the operation of the relevant products.  But
18 Unwired has not sought, and has not argued that it is entitled to privileged communications
19 between those engineers and Google's attorneys regarding the products.  Presumably, Unwired
20 recognizes that, while it was entitled to question those engineers about facts, it is not entitled to
21 privileged communications regarding those facts.  The situation here with respect to fact witnesses
22 knowledgeable about prior art rather than about the accused products is no different.
23          In *Upjohn Co. v. United States*, 449 U.S. 383 (1981), the Supreme Court made
24 clear the distinction that Unwired's motion elides between discovery of facts (which is permitted)
25 and discovery of privileged communications regarding those facts (which is not).  In *Upjohn*, the
26 government sought production of notes of interviews that Upjohn's counsel conducted with
27 Upjohn employees.  Upjohn refused to produce the documents, citing the attorney-client privilege
28 and attorney work-product doctrine.  Agreeing with Upjohn, the Supreme Court explained:

> "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communications to his attorney." *Philadelphia v. Westinghouse Electric Corp.*, 205 F. Supp. 830, 831 (ED Pa. 1962). . . . Here the Government was free to question the employees who communicated with [Upjohn's counsel]. Upjohn has provided the IRS with a list of such employees, and the IRS has already interviewed some 25 of them. While it would probably be more convenient for the Government to secure the results of petitioner's internal investigation by simply subpoenaing the questionnaires and notes taken by petitioner's attorneys, such considerations of convenience do not overcome the policies served by the attorney-client privilege.

449 U.S. at 395-96. As in *Upjohn*, Unwired was free to question Mr. van der Rijn regarding his knowledge of the prior art, but could not "be compelled to answer the question, 'What did you say or write to the attorney?'"

Unwired argues that it should be permitted to take the depositions of the witnesses at issue during the expert discovery period because it will not know until then what facts provided by those witnesses may be relied on by Google's experts in their reports. Motion at 3. But it is always the case with *any* expert report that the opposing party does not know in advance precisely what facts the expert will rely on, and the party is nevertheless not entitled to further fact discovery during the expert discovery period as a result. Here, Google has fulfilled all of its disclosure obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court. Google disclosed the prior art that it intended to rely on for its invalidity arguments and disclosed what it considered significant about that art in its Invalidity Contentions. Google also disclosed witnesses that it was aware of with knowledge about that prior art in its Initial Disclosures. When Unwired took the deposition of one of those witnesses, Mr. van der Rijn, it was free to direct Mr. van der Rijn to the portions of the prior art identified in Google's Invalidity Contentions and to question Mr. van der Rijn about them. Inexplicably, Unwired chose not to do so and only asked Mr. van der Rijn some general questions regarding the art, but this missed opportunity does not entitle Unwired to an additional deposition of Mr. van der Rijn during the expert discovery period. Likewise, the fact that Unwired chose to cancel the depositions of Mr.

1  Harrenstien and Mr. Newton, *see* Motion at 3, rather than inquire into their knowledge of relevant
2  prior art is not a reason for allowing these fact witnesses to be deposed during the expert discovery
3  period.
4        Unwired has no authority for the proposition that it should be entitled to depose
5  fact witnesses during the expert discovery period.  Unwired asserts that *Tessera, Inc. v. Motorola,*
6  *Inc.*, No. 12-cv-692, 2013 U.S. Dist. LEXIS 107916 (N.D. Cal. July 30, 2013), is "similar to the
7  one presented here" because "the opposing party's expert recited significant factual testimony
8  related to prior art in his expert report that Tessera was precluded from uncovering during the fact
9  discovery period."  Motion at 2.  But, in the *Tessera* case, Qualcomm had refused to make a
10 witness available for a fact deposition, and then submitted an "expert" report from that witness
11 that was "heavily, if not virtually entirely, fact testimony." *Id.*, at *5.  In light of Qualcomm's
12 unfair behavior, the Special Master recommended that the Court allow Tessera to take the
13 witness's deposition as a fact witness after the discovery cutoff and allow Tessera reasonable
14 follow-on discovery.  *Id.* at *7.  Here, by stark contrast, Google *did not refuse* to make the
15 witnesses at issue available for deposition during the fact discovery period.  To the contrary,
16 Google made the witnesses available and Unwired was free to question the witnesses regarding
17 their knowledge of the prior art.
18       Unwired's motion seeks to use Google's appropriate assertions of the attorney-
19 client privilege and the attorney work product doctrine to gain an unfair advantage in this litigation
20 by arguing that it should consequently be entitled to take fact depositions in the expert discovery
21 period.  The argument is without merit and the motion should be denied.

22     **B.**    **Unwired Has Not Shown Good Cause For Taking Third-Party Discovery After the Discovery Cutoff**
23
24       Unwired seeks leave to receive responses from third-parties to its subpoenas after
25 the close of fact discovery.[2]  Such a modification of the pretrial schedule requires a showing of

---

[2] Although the subpoenas at issue seek depositions as well as documents, *see* Kneupper Decl., Exs. E-J, Unwired's motion references document productions only.  Google concludes that Unwired is no longer seeking depositions of the third parties at issue.

- 4 -
Google's Opp. to Unwired's Motion to Take Depositions During Expert Discovery and Extend Fact Discovery

1  diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("The
2  district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence
3  of the party seeking the extension.'") (citation omitted).  Indeed, the Ninth Circuit has held that a
4  district court appropriately enforced a discovery cutoff "even in the face of requested
5  supplemental discovery that might have revealed highly probative evidence, when the plaintiff's
6  prior discovery efforts were not diligent."  *Cornwell v. Electra Central Credit Union*, 439 F.3d
7  1018, 1027 (9th Cir. 2006).

8          Here, Unwired chose to wait until over 15 months had elapsed in the discovery
9  period and, as Unwired concedes, until "roughly a month and a half before discovery was
10 scheduled to close," Motion at 4, before it served the seven third-party subpoenas at issue.
11 Unwired must have recognized that negotiations with the third parties could extend beyond the
12 discovery cutoff.  This behavior can hardly be characterized as *diligently* pursuing the discovery in
13 question.  Indeed, despite the governing standard, Unwired makes no argument in its motion that it
14 *has* been diligent.

15         Instead, Unwired seeks to shift the blame for its delay to Google, asserting, without
16 evidentiary support, that it "did not serve its subpoenas earlier largely because it was seeking
17 usage data from Google directly first."  Motion at 4.  Unwired's complaints about Google's
18 alleged delays in producing usage data are baseless.  *See* Dkt. 295 (Google's Opp. to Unwired's
19 Motion to Compel Usage Data).  Moreover, Unwired's excuse rings hollow because its third-party
20 subpoenas seek information that could not have been obtained from Google.  For example,
21 Unwired's subpoena to Twitter seeks, *inter alia*, "[d]ocuments sufficient to show how Google
22 Cloud Messaging has been implemented *at Twitter*."  Kneupper Decl., Ex. E (Attachment 1, at 2)
23 (emphasis added).

24         Finally, Unwired argues that there is no prejudice to Google from allowing
25 responses to the third-party subpoenas after the discovery cutoff, noting that other discovery is
26 proceeding after the cutoff.  Motion at 4-5.  It does not follow, however, from the fact that the
27 parties agreed to complete certain discovery after the cutoff (in many cases to accommodate the
28 schedules of Unwired's witnesses) that Google would not be prejudiced by having to analyze an

additional influx of documents from third parties during the period that it should be focusing on the agreed-upon discovery and claim construction proceedings.  In any event, prejudice to Google is beside the point:

> Although the existence or degree of prejudice to the party opposing the modification [to the pretrial schedule] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citation omitted).

Unwired has not shown that it was diligent in pursuing third-party discovery.  Consequently, the Court should deny Unwired's motion to allow that discovery after the discovery cutoff.

### III.     CONCLUSION

For the reasons set forth above, Unwired's motion to take certain fact depositions during the expert discovery period and to allow it to conduct certain third-party discovery after the discovery cutoff should be denied.

DATED:  June 16, 2014               MUNGER, TOLLES & OLSON LLP

                                    By:    */s/ Peter A. Detre*
                                            Peter A. Detre

                                    Attorneys for Defendant Google Inc.

# CERTIFICATE OF SERVICE

I certify that, on June 16, 2014, I served a true and correct copy of **GOOGLE'S OPPOSITION TO UNWIRED PLANET'S MOTION TO TAKE CERTAIN DEPOSITIONS DURING EXPERT DISCOVERYAND EXTEND FACT DISCOVERY FOR CERTAIN THIRD PARTY SUBPOENAS** upon the following counsel of record through the Court's CM/ECF system:

| | |
|---|---|
| Theodore Stevenson, III<br>Kevin L. Burgess<br>Pierre J. Hubert<br>David Sochia<br>Kevin M. Kneupper<br>Nicholas M. Mathews<br>James E. Quigley<br>Mario A. Apreotesi<br>Ashley N. Moore<br>Warren Lipschitz<br>MCKOOL SMITH P.C.<br>3000 Crescent Court, Suite 1500<br>Dallas, TX 75201 | Michael D. Rounds<br>Adam K. Yowell<br>Ryan J. Cudnik<br>WATSON ROUNDS<br>5371 Kietzke Lane<br>Reno, NV 89511 |

DATED: June 16, 2014

*/s/ Peter A. Detre*
Peter A. Detre