# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNWIRED PLANET LLC )
           Plaintiff, )
       v. )
GOOGLE INC., )
           Defendant. )
)

3:12-cv-00504-MMD-VPC

**ORDER GRANTING DEFENDANT GOOGLE'S MOTION TO COMPEL SUPPLMENTARY INFRINGEMENT CONTENTIONS AND DENYING PLAINTIFF UNWIRED PLANET'S MOTION TO COMPEL DISCOVERY**

October 21, 2014

       Before the court is a motion by defendant Google Inc. ("Google") to compel supplementary infringement contentions (#244) and a motion by plaintiff Unwired Planet LLC ("UP") to compel certain discovery (#269). The court has reviewed the motions and all other papers, including the parties' joint notice regarding pending discovery motions (#434) and joint stipulation on representative source code (#433). This order follows.

       The court **GRANTS** Google's motion to compel supplementary infringement contentions (#244). No later than **THIRTY DAYS** from entry of this order, UP must supplement its infringement contentions with the following information:

       (1)     for the '087 patent, specifically identify the alleged "image having dimensions much larger than the dimension of the screen" in Google Maps and Google Earth; and

       (2)     for the '087 patent, specifically identify where the reduced imagine is allegedly "transformed" from the "much larger" image in Google Maps and Google Earth "with respect to a set of parameters associated with the screen," and provide a separate pin citation to source code for each such "parameter"; and

(3)     for the '087 patent, specifically identify where Google uses an original image to "generate" an "image hierarchy starting with a reduced image"; and

(4)     for the '657 and '240 patents, specifically identify the "fleet data" pushed by GCM, C2DM, Google Play, and GAMM, and provide pin citations to the source code where such "fleet data" is pushed to mobile devices; and

(5)     for the '657 and '240 patents, specifically identify each alleged "challenge response" in GCM, C2DM, Google Play, and GAMM, and provide pin citations to the corresponding source code; and

(6)     for the '657 and '240 patents, specifically identify the "account manager" in GCM, C2DM, Google Play, and GAMM, the activity or activities that are alleged to constitute "managing a plurality of user accounts," and provide pin citations to the corresponding source code; and

(7)     for the '240 patent, specifically identify each mechanism alleged to "control access to fleet data" in GCM, C2DM, Google Play, and GAMM, and provide pin citations to the corresponding source code; and

(8)     for the '240 patent, specifically identify each mechanism alleged to "authenticate a request" in GCM, C2DM, Google Play, and GAMM, and provide pin citations to corresponding source code; and

(9)     for the '240 patent, specifically identify, in a non-exemplary manner, the alleged GCM, C2DM, Google Play, and GAMM proxy servers; and

(10)    for the '240 patent, specifically identify the alleged GCM, C2DM, Google Play, and GAMM fleet servers.

The court also **DENIES WITHOUT PREJUDICE** UP's motion to compel discovery on changes in versions of source code (#269). As to the '657, '016, '240, and '760 patents, the motion is moot (*see* #434 at 2). As to the '087 patent, the court finds that the motion does not satisfy the requirements of Federal Rule 26(b). Although the standard for discovery is broad, UP has articulated no infringement contentions regarding the historical code for which its motion seeks production (*see* #291 at 6-7). Absent infringement contentions pertaining to such code, it does not appear to the court that the motion seeks information reasonably calculated to lead to the discovery of admissible evidence in support of UP's case. *See* Fed. R. Civ. P. 26(b). Accordingly, the court denies the motion with leave to refile upon UP's articulation of proper infringement contentions for the historic code, and subsequent noncompliance by Google with proper discovery requests pertaining to such code.

**IT IS SO ORDERED.**

DATED: *October 22, 2014*.

_____
**UNITED STATES MAGISTRATE JUDGE**