# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNWIRED PLANET LLC,

        Plaintiff,

  v.

GOOGLE INC.,

        Defendant.

3:12-cv-00504-MMD-VPC

**ORDER**

Before the court is a motion by plaintiff Unwired Planet, LLC ("UP") to take depositions of prior art witnesses during expert discovery, and also to extend the deadline for fact discovery (#326). Defendant Google, Inc. ("Google") opposed (#341). The court has reviewed the motion and all other papers, including the parties' joint notice regarding pending discovery motions (#434) and joint status report regarding the fact discovery deadline (#448). This order follows.

### I.    DEPOSITIONS OF PRIOR ART WITNESSES

UP first requests the court to allow depositions of prior art witnesses during the expert discovery period (#326 at 3). In essence, UP contends that Google "actively precluded" it from discovering prior art facts by asserting attorney-client privilege during the deposition of a Google employee (#326 at 1-3). Google replies that its assertion of privilege was proper, as UP specifically asked for the contents of confidential communications (#341 at 1-4). In Google's view, the motion complains of little more than an inexplicable "missed opportunity," as UP was "in no way prevented from inquiring about the prior art itself," and for that reason, Google asks the court to deny the motion (#341 at 1, 3). The court agrees with Google and therefore denies UP's request.

**A.     Background**

At core, this dispute results from Google's assertion of attorney-client privilege at the deposition of Mr. van der Rijn, a Google employee with knowledge of a prior art system, Radiomail, upon which Google may rely in its patent invalidity defenses. At van der Rijn's deposition, counsel for UP asked:

> Q.     Have you provided any information to Google about technology you worked on prior to your employment at Google?
> A.     Yes.
> Q.     What information?

(#326-3 at 2). Google objected on the grounds of attorney-client privilege. Counsel for UP responded that he was "not asking for [privileged communications]" but rather "factual information Google is going to rely on [in its invalidity defense]" (#326-3 at 2). Notwithstanding this explanation, counsel continued to ask Mr. van der Rijn to testify as to what facts he shared with Google's attorneys: "What factual information have you provided to Google about how a technology system you worked on in the 1990s worked?" (#326-3 at 3). Google again objected. As the court understands, UP thereafter abandoned inquiries into Radiomail and cancelled depositions of other prior art witnesses (#326 at 3).

**B.     Analysis**

The excerpted deposition testimony involves questions to which Google properly asserted the attorney-client privilege. As the Supreme Court explained its seminal decision on attorney-client privilege, *Upjohn v. United States*, "the protection of the privilege extends only to communications and not to facts. . . . The client cannot be compelled to answer the question, 'What did you say to your attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communications to his attorney." 449 U.S.

383, 395-96 (1981) (internal quotation omitted). Google's objections are consistent with *Upjohn*'s distinction.

UP protests that "[t]he information Google prevented Unwired Planet from obtaining consists of merely facts, not the details of any communication" (#363 at 1-2). This argument misunderstands the privilege. Suppose an attorney inquired of a deponent, "what did you wear on Tuesday?" The question is permissible. But the deponent's counsel would correctly object to a similar question, "what did you tell your attorney you wore on Tuesday?" The deponent's answer in both cases would reveal factual information, namely, whatever it is that he wore, but the phrasing of the two questions is dispositive. The first question asks directly for factual information, while the second asks only for the factual information communicated by the deponent to the attorney. The attorney-client privilege protects the latter, but not the former.

In this case, UP's counsel sought facts about Radiomail that van der Rijn communicated to Google's attorneys (*see* #326-3 at 2-3). Counsel's clarification, that UP desired only factual information, did not save these impermissible inquiries. Although the underlying factual content is not privileged, UP is not entitled to testimony about which facts van der Rijn shared with Google's counsel—which is precisely what UP would learn had the witness answered. Contrary to UP's belief, which specific facts Mr. van der Rijn conveyed to Google's attorneys are indeed "details of [a] communication" (#363 at 2) and fall within the privilege's ambit.

The authority UP cites in support of its motion is also unavailing. Citing *Tessera, Inc. v. Motorola, Inc.*, UP asks the court to allow the depositions lest it be considerably disadvantaged as to arguments regarding prior art (#326 at 2-3). *Tessera* is distinguishable. There, a special master in the Northern District of California recommended to the court that testimony about prior art be taken via deposition during expert discovery because defense counsel had improperly denied Tessera's

request to depose a prior art witness during fact discovery. 2013 U.S. Dist. LEXIS 107916, at *4-5. The defendant purported that the witness would testify to expert matters only, and on that basis denied the fact deposition request. *Id*. Yet the expert report plainly demonstrated that the defendant had misrepresented the issue. As the special master explained, "the overwhelming number of statements [in the report] are narrative factual statements of events, which are usually the testimony of a percipient witness. . . . [T]he basic objective of the report is to explain the development of [the relevant prior art], which defendants assert is prior art invalidating Tessera patents." *Id.* at *2-3.

By contrast, this case does not involve egregious gamesmanship. Google has not indicated that van der Rijn's will be an expert witness, nor is it apparent that Google is cloaking his testimony as in *Tessera*. If subsequent developments in this case track *Tessera*'s facts, the case may be a persuasive basis for later granting the depositions UP seeks. Moreover, unlike *Tessera*, Google did not deny access to van der Rijn. UP errs in its belief that "Google has effectively accomplished the same goal here by refusing to allow witnesses to answer the critical questions related to Google's prior art defense" (#363 at 3). The "critical questions," however helpful to UP, called for privileged information. Google was under no obligation to allow discovery on such matters. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any *nonprivileged* matter . . . .") (emphasis added). Instead, Google's burden was to make available van der Rijn for an oral deposition. The burden upon UP was to state questions within the scope of discovery. Google has not violated the discovery rules simply because UP was unable to state proper questions and thereby obtain desired facts about the prior art.

UP's reliance on *Adams v. United States* is also unpersuasive. UP asserts that the *Adams* case stands for the proposition that Google is obligated to affirmatively provide it with all prior art facts upon which Google's experts will rely, and Google's purported failure in this regard entitles it

to a remedy (*see* #363 at 2). Remarkably, UP juxtaposes the *Adams* court's exclusion of all references to facts not disclosed in fact discovery to the "less extreme remedy" its motion requests— "the opportunity to depose prior art witnesses about the facts upon which Google plans to rely at trial" (#363 at 2).

Behind this apparent reasonableness is UP's selective quotation of the case. In *Adams*, the defendant sought exclusion of damages evidence that the plaintiffs introduced via expert testimony. 622 F. Supp. 2d 996, 1011 (D. Idaho 2009). The court granted the exclusion request, but it took care to explain that the plaintiffs misrepresented during fact discovery the damages information on which the expert relied. *Id.* As the court observed, plaintiffs had access to larger figures regarding crop acreage, a pertinent matter to the damages calculations, and their damages expert relied upon these figures. *Id.* Yet plaintiffs led the defendant to believe, via certain misleading documents, that the pertinent crop acreage was smaller. *Id.* Because of the duplicitous conduct, the court disallowed the larger figures as evidence supporting the larger damages figures. *Id.* at 1012.

As it applies to this case, *Adams* stands only for the unremarkable principle that Google may not affirmatively misrepresent any facts that van der Rijn or any other witnesses share with UP. The *Adams* case does not, however, create an affirmative duty for Google to disclose factual information on which its experts may rely during fact discovery. This conclusion is bolstered by Federal Rule 26(a)(2). The Rule obligates Google to disclose the identity of its expert witnesses and their reports, which may contain factual information. Fed. R. Civ. P. 26(a)(2)(A)-(B). By its express terms, however, the Rule does not mandate separate disclosure of such facts. *See id.* Further, subsection (D) contemplates that facts contained in an expert report may not be available during fact discovery:

> A party must make these disclosures at the times and in the sequence the court orders. Absent a stipulation or court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified

> by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

*Id.* 26(a)(2)(D). Thus, the proposition UP gleans from *Adams* contravenes the Rule. It would create an affirmative disclosure obligation during fact discovery, which thereby vitiates the timing sequence the Rule describes—specifically, in instances where the court selects an alternative sequence, or where fact discovery closes at least ninety days prior to the date of trial. At bottom, Google's conduct with respect to the van der Rijn deposition was proper, and UP's position lacks merit.

## II.  EXTENSION OF FACT DISCOVERY

UP also asks the court to extend the fact discovery deadline for information it received in response to a subpoena to third party RIM (#326 at 4). In accordance with an order from the court (#445), the parties filed a joint status report on December 3, 2014 regarding this issue (#448). By agreement of the parties, the issue is moot. (#448 at 2). In addition, the court also understands that the parties mutually agreed to and engaged in fact discovery beyond this May 30 deadline, as described in a stipulated agreement to extend fact discovery (#325). Therefore, the court vacates its denial of the stipulated fact discovery extension (#436), and retroactively grants the agreement (#325).

## III.  CONCLUSION

Having determined that UP's request to take certain depositions during expert discovery lacks merit, and also that UP's request to extend fact discovery for RIM's third party subpoena is moot, the court hereby **DENIES** UP's motion (#326).

The court also **VACATES** its denial of the parties' stipulated agreement to extend fact discovery (#436), and **GRANTS** the stipulated agreement (#325). The parties are advised that the

only permissible fact discovery past the May 30, 2014 deadline was that which is provided for in the agreement (#325), in addition to the documents UP obtained from RIM (*see* #s 326, 448).

**IT IS SO ORDERED.**

**DATED:** December 8, 2014.



_____
**UNITED STATES MAGISTRATE JUDGE**