UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNWIRED PLANET, LLC,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.

Case No. 3:12-cv-00504-MMD-VPC

ORDER

(Def.'s Motion for Summary Judgment – dkt. no. 389)

## I. SUMMARY

Before the Court is Defendant Google Inc.'s Motion for Summary Judgment of Invalidity of U.S. Patent Nos. 6,684,087 and 6,292,657 on Grounds of Indefiniteness ("Motion") (dkt. no. 389). The Court has also reviewed Plaintiff Unwired Planet, LLC's opposition (dkt. no. 414) and Defendant's reply (dkt. no. 432). For the reasons discussed below, the Motion is granted in part.

## II. BACKGROUND

### A. Undisputed Facts[1]

Among claims in other patents at issue in this lawsuit, Plaintiff asserts the following claims against Defendant: Claim 16 of U.S. Patent No. 6,292,657 ("the '657 Patent") and Claims 1, 17, 27, and 31 of U.S. Patent No. 6,684,087 ("the '087 Patent").[2] (Dkt. no. 389-1 ¶ 1; dkt. no. 414-1 ¶ 1.)

---

[1] The facts recited are undisputed. (*See* dkt. no. 389-1 (Defendant's statement of undisputed facts); dkt. no. 414-1 at 2-13 (Plaintiff's admissions of certain facts for the purposes of this Motion).)

[2] The parties filed the patents as exhibits to their briefs. (*See* dkt. nos. 389-4, 414-3 (the '087 Patent); dkt. nos. 389-5, 414-4 (the '657 Patent).)

Claim 16 of the '657 Patent describes a "method for securely managing a plurality of mobile stations serviced by a carrier infrastructure." (Dkt. no. 389-1 ¶ 6; dkt. no. 414-1 ¶ 6.) The method disclosed in Claim 16 includes the step of "executing said request to cause said fleet data pushed by said proxy server module to the plurality of the mobile stations." (Dkt. no. 389-1 ¶ 6; dkt. no. 414-1 ¶ 6.)

As it is described in the specification, the '087 Patent's invention "relates generally to the area of image display." (Dkt. no. 389-1 ¶ 7; dkt. no. 414-1 ¶ 7.) The invention "more particularly [relates] to a method and system for displaying recursively images on a display screen of a mobile device, wherein the images are of larger dimensions than that of the display screen." (Dkt. no. 389-1 ¶ 7; dkt. no. 414-1 ¶ 7.) Claims 1 and 17 of the '087 Patent describe methods for "recursively displaying on a screen of a mobile device an image having dimensions much larger than the dimension of the screen." (Dkt. no. 389-1 ¶¶ 2-3; dkt. no. 414-1 ¶¶ 2-3.) Claims 27 and 31 describe apparatuses that correspond to the methods disclosed in Claims 1 and 17, respectively. The apparatus disclosed in Claim 27 provides "for recursively displaying on a screen thereof an image having dimensions much larger than the dimension of the screen." (Dkt. no. 389-1 ¶ 4; dkt. no. 414-1 ¶ 4.) Claim 31 similarly describes "[a]n apparatus for recursively displaying on a screen of a mobile device an image having dimensions much larger than the dimension of the screen; the mobile device having a keypad and including a number of keys." (Dkt. no. 389-1 ¶ 5; dkt. no. 414-1 ¶ 5.)

### B. Procedural History

Plaintiff initiated this action in September 2012, alleging that Defendant directly, indirectly, and willfully infringes claims in 10 patents relating to mobile device technology. (Dkt. no. 1 ¶¶ 27-31.) In answering the Complaint, Defendant asserted several affirmative defenses (including invalidity) and counterclaims seeking declaratory judgments of invalidity and noninfringement for each of the asserted claims. (Dkt. no. 28 at 6-7, 9-17.) The parties subsequently served infringement and noninfringement, invalidity, and unenforceability contentions pursuant to the local rules. (Dkt. no. 389-1

1   ¶¶ 21-24; dkt. no. 414-1 ¶¶ 21-24.) Defendant's invalidity contentions for the '657 Patent
2   state that Claim 16 is indefinite because "a person of skill in the art would be unable to
3   determine the meaning of 'executing said request to cause said fleet data pushed by
4   said proxy server module to the plurality of the mobile stations.'" (Dkt. no. 389-7, Exh. 6,
5   at 3; *see* dkt. no. 389-1 ¶ 23; dkt. no. 414-1 ¶ 23.) Similarly, Defendant's contentions for
6   the '087 Patent argue that all claims in the Patent are indefinite because the they "do[]
7   not particularly point out to a person of ordinary skill in the art whether the dimensions of
8   an image larger than the dimension of the screen are 'much larger,'" and because "the
9   term 'the dimension of the screen'" does not clarify the dimension to which it applies.
10  (Dkt. no. 389-6, Exh. 5, at 3-4; *see* dkt. no. 389-1 ¶ 22; dkt. no. 414-1 ¶ 22.) Plaintiff
11  disagreed with these characterizations in responding to Defendant's contentions. (Dkt.
12  no. 389-1 ¶ 24; dkt. no. 414-1 ¶ 24.)

13        On August 20 and 21, 2014, the parties participated in a *Markman* hearing on
14  disputed claim terms in five patents, including the '657 Patent and the '087 Patent. (*See*
15  dkt. nos. 351-1, 393, 394.) Plaintiff proposed a construction that would correct the term
16  in Claim 16 of the '657 Patent that is at issue in this Motion; Defendant argued that the
17  term is indefinite. (*See* dkt. no. 353 at 20-23; dkt. no. 356 at 26-27.) Neither party sought
18  to construe "an image having dimensions much larger than the dimension of the screen,"
19  the term in the preambles to the claims in the '087 Patent at issue here. (*See* dkt. no.
20  351-1 at 16-17; dkt. no. 404.)   The Court issued its Claim Construction Order on
21  December 12, 2014. (Dkt. no. 450.) In that Order, the Court declined Plaintiff's request to
22  correct Claim 16 of the '657 Patent, but the Court did construe terms that appear in
23  Claims 1, 17, 27 and 31 of the '087 Patent. (*Id.* at 15-17, 38-42.)

24        Shortly thereafter, the parties stipulated to vacate all post-*Markman* case
25  management deadlines to allow the parties to negotiate a stipulation of non-infringement
26  for the patents addressed in the Claim Construction Order. (Dkt. nos. 453, 454.) The
27  parties filed the stipulation of non-infringement on March 26, 2015. (Dkt. no. 463.)  In the
28  ///

stipulation, the parties agree to seek partial final judgment under Federal Rule of Civil Procedure 54(b) after the Court issues a decision on this Motion. (*Id.* ¶ 25.)

Defendant filed this Motion on August 19, 2014, the day before the *Markman* hearing began. (*See* dkt. no. 389.) Defendant moves for summary judgment under Rule 56, contending that Claim 16 of the '657 Patent and Claims 1, 17, 27 and 31 of the '087 Patent are invalid for indefiniteness. (*Id.* at 6.)

### III.  LEGAL STANDARD

#### A.  Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Nw. Motorcycle Ass'n*, 18 F.3d at 1472. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence

negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (citation and internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### B. Indefiniteness

Section 112 of the Patent Act requires a patent specification to "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2.[3] This definiteness requirement helps ensure that a patent is "precise enough to afford clear notice of what is claimed, thereby 'apprising the public of what is still open to them.'" *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996)) (alteration omitted). "A lack of definiteness renders invalid the 'patent or any claim in suit.'" *Id.* at 2125 (quoting 35 U.S.C. § 282, ¶ 2(3)). A patent is "invalid for indefiniteness if its claims, read in light of the specification

---

[3] This provision was amended in 2011 by the Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 4(c), 125 Stat. 284, 296 (2011). As amended, the provision reads: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112(b). Because this amendment does not apply to the patents at issue here, the Court cites the pre-amendment statute. *See* Pub. L. No. 112-29, § 4(e) (the amendments apply to patent applications filed on or after September 16, 2012).

delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Id.* at 2124. This standard "mandates clarity, while recognizing that absolute precision is unattainable." *Id.* at 2129.

Patents are "presumed valid," and the "burden of establishing in-validity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011) (quoting 35 U.S.C. § 282) (internal quotation marks omitted). Whether a patent is invalid for indefiniteness is a question of law. *See id.* at 2242-43; *see also H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1332 (Fed. Cir. 2014); *Eidos Display, LLC v. AU Optronics Corp.*, --- F.3d ----, No. 2014-1254, 2015 WL 1035284, at *4 (Fed. Cir. Mar. 10, 2015) (determining that a lower court's indefiniteness decision was intertwined with claim construction, but reviewing *de novo* after *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015), because the claim term was clear in light of intrinsic evidence). But "the same factual questions underlying the PTO's original examination of a patent application will also bear on an invalidity defense in an infringement action." *Microsoft Corp.*, 131 S. Ct. at 2242-43 (citations omitted). Factual aspects of an invalidity defense must be proved by clear and convincing evidence. *See id.* at 2242.

IV.   **ANALYSIS**

  A.   **The '657 Patent**

Defendant argues that the following term in Claim 16 of the '657 Patent is indefinite: "executing said request to cause said fleet data pushed by said proxy server module to the plurality of the mobile stations." '657:15:29-31. This term, Defendant contends, fails to specify "what the fleet data are 'cause[d]' to do." (Dkt. no. 389 at 21 (alteration in original).) Plaintiff asserts that the term contains a typographical error that the Court may correct by adding "to be," such that the term would read: "executing said

///

///

1  request to cause said fleet data [to be] pushed."[4] (Dkt. no. 414 at 21-22.) Plaintiff further
2  argues that even absent this correction, Defendant cannot meet its burden to show that
3  Claim 16 would fail to inform a person of skill in the art about the invention's scope with
4  reasonable certainty. (*Id.* at 22-23.)

5  In its claim construction analysis, the Court declined to correct the so-called
6  typographical error, concluding that the correction was subject to reasonable debate in
7  light of alternative corrections that Defendant offered. (Dkt. no. 450 at 15-17 (citing *Novo*
8  *Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003)).) The Court
9  found support for at least one of Defendant's alternative corrections in the specification.
10 (*Id.* at 16-17 (citing '657:7:17-20).) With that correction, the term would read: "executing
11 said request to cause said fleet data pushed by said proxy server module to [be received
12 by] the plurality of the mobile stations." (*Id.* at 16.)

13 The claim's scope is not reasonably certain — under the two alternative
14 corrections discussed here, Claim 16 could disclose a method through which fleet data is
15 received by mobile stations, or it could describe a method to push fleet data to those
16 stations.[5] Because Claim 16 does not make the invention's scope reasonably certain
17 absent a correction, the Court finds that the claim is invalid for indefiniteness. *See Novo*
18 ///

---

[4] As Plaintiff notes, this argument was raised in Plaintiff's claim construction briefs and during the *Markman* hearing. (Dkt. no. 414 at 21 (citing dkt. nos. 353, 376).)

[5] In arguing that the claim is not indefinite even in light of the Court's decision not to correct it, Plaintiff points to the prosecution history and expert testimony to demonstrate the claim's scope. (*See* dkt. no. 414 at 22-23.) The Court finds, however, that this evidence does not suggest that the claim would inform, with reasonable certainty, a person of skill in the art about the invention's scope. *See Nautilus, Inc.*, 134 S. Ct. at 2124. With regard to the prosecution history, Plaintiff refers to the patent examiner's reasons for allowance, which describe the claim term as "executing the request to push the fleet data by the proxy server to the plurality of mobiles." (Dkt. no. 414-6, Exh. 4, at 5.) As Defendant argues, this reference suggests that the examiner misread the claim; it does not indicate that the claim is reasonably certain. (*See* dkt. no. 432 at 21-22.) Nor is the Court persuaded by Plaintiff's expert declaration, which simply asserts that a person of ordinary skill in the art would understand this term as causing fleet data to be pushed to mobile stations. (Dkt. no. 414-7, Exh. 5 ¶¶ 16, 19-24.) Rather, the intrinsic evidence alone is enough to suggest that several reasonable corrections exist for this term. Even in light of this expert declaration, the Court finds that Claim 16 is not reasonably certain.

1  *Indus.*, 350 F.3d at 1358 ("If a correction cannot be made, the claim . . . is invalid for
2  indefiniteness under section 112, ¶ 2."). The Court therefore grants Defendant's Motion
3  with regard to Claim 16 of the '657 Patent.

4    **B.**  **The '087 Patent**

5    Defendant contends that Claims 1, 17, 27 and 31 are indefinite because their
6  preambles discuss an "image having dimensions much larger than the dimension of the
7  screen," a term the '087 Patent allegedly fails to explain. (Dkt. no. 389 at 13.) As a
8  threshold matter, Defendant insists that this preamble limits the asserted claims. (*Id.* at
9  13-17.) Defendant further argues that, even when read in light of the specification and
10  the prosecution history, the claims do not make clear to a person of ordinary skill how to
11  measure whether an image is "much larger" than a screen, or how to identify which
12  dimension of the screen is operative. (*Id.* at 17-20.) Plaintiff argues that Claims 1, 17, 27
13  and 31 are not limited by this term; rather, the claims are structurally sound without their
14  preambles. (Dkt. no. 414 at 11-16.) Alternatively, Plaintiff contends that the term makes
15  the invention's scope reasonably clear — the image's width or height must be "at least
16  two times as large as the respective width or height of the mobile device screen." (*Id.* at
17  19.)

18    The parties filed their briefs on this issue before the Court issued its Claim
19  Construction Order. (*See* dkt. no. 389 (filed August 19, 2014); dkt. no. 414 (filed
20  September 12, 2014); dkt. no. 432 (filed October 3, 2014); dkt. no. 450 (issued
21  December 12, 2014).) The Claim Construction Order construes "reduced image" as "an
22  uncropped version of the image with smaller dimensions." (Dkt. no. 450 at 40.) Each of
23  the claims at issue in the '087 Patent include the term "reduced image." *See* '087:9:31-
24  39, 11:1-6, 12:5-11, 12:37-42. It appears to the Court that the Court's construction of
25  "reduced image" may affect the parties' arguments with regard to whether Claims 1, 17,
26  27 and 31 of the '087 Patent are indefinite.  Accordingly, the Court will decide this issue
27  after the parties have met and conferred, and filed either a status report or supplemental
28  ///

briefing about the Claim Construction Order's effect on the parties' indefiniteness arguments, as ordered below.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is ordered that Defendant's Motion for Summary Judgment (dkt. no. 389) is granted with respect to Claim 16 of the '657 Patent.

It is further ordered that the parties are to meet and confer on how, if at all, this Court's construction of "reduced image" affects whether Claims 1, 17, 27 and 31 of the '087 Patent are indefinite. If the parties agree about how the Court's construction of "reduced image" affects the indefiniteness arguments regarding Claims 1, 17, 27 and 31, then the parties are to file a status report documenting that agreement within thirty (30) days of the date on which this Order is issued. If the parties disagree, each party is to file a supplemental brief of no more than ten (10) pages within the same time period. The supplemental briefs are to address the following questions:

(1) In light of the Court's construction of "reduced image," do the preambles limit Claims 1, 17, 27 and 31 of the '087 Patent? For what reasons?

(2) If the preambles are limiting, how, if at all, does the Court's construction of "reduced image" affect the parties' arguments regarding whether Claims 1, 17, 27 and 31 are indefinite?

DATED THIS 27th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE